HUTCHINSON et al. v. AMERICAN PALACE-CAR CO.

(Circuit Court, D. Maine. October 1, 1900.)

No. 530.

1. RECEIVERS—JURISDICTION TO APPOINT—GENERAL RECEIVERSHIP FOR CORPORATION.

The courts in any jurisdiction may, in a proper case, take possession through receivers of property within its limits, independently of the question of the domicile of the owner; but, where the purpose of a suit is to wind up a corporation, or a joint-stock association, or a partnership, on account of alleged insolvency or fraudulent transactions, or where a general receivership of the property of such concern is sought, the initial proceedings should be at the place of domicile, and other receiverships should be ancillary thereto.

2. CORPORATIONS—APPOINTMENT OF RECEIVER—HEARING ON APPLICATION.

An interlocutory receivership of a corporation should not be granted. except in extreme emergencies, unless after public notice, so that creditors and stockholders generally may intervene and be heard on the application if they desire. A receiver is not essential to give the court jurisdiction over the assets of the corporation, which attaches from the time of the filing of the bill; and, moreover, the court may, in case of emergency, take actual possession of such assets by appointing its marshal custodian, without interfering with the usual operations of the corporation.

3. SAME—REQUISITES OF BILL.

To justify a court in appointing a receiver for a corporation, it is essential that the bill should entitle the complainant to some final equitable relief to which the receivership is appropriately incidental.

4. SAME—GROUNDS FOR APPOINTMENT OF RECEIVER—APPLICATION BY MINORITY STOCKHOLDERS.

A court of equity in the domicile of a corporation will not appoint a receiver therefor on a bill filed by minority stockholders, to the end merely that such receiver may appear and represent the corporation in litigation instituted by complainants in a court of another district, to which the corporation is a necessary party, but in which it has refused to appear in accordance with a vote of a majority of its stockholders. Whatever remedy the complainants may have in such case, an interlocutory order appointing a receiver for the corporation is not appropriate.

5. SAME.

A court of equity will not, on the application of minority stockholders, interfere with what has been approved by the majority, unless the complainants have a clear and substantial grievance.

6. SAME.

The general rules with reference to the appointment of temporary receivers stated.

In Equity. On application for appointment of a receiver.

A. S. Kneil, for complainants.

Clarence Hale, Geo. F. Gould, and Arthur F. Belcher, for defendant.

PUTNAM, Circuit Judge. This bill was filed by complainants, representing a minority interest in the stock of the respondent, and the matter now under consideration is an interlocutory application for the appointment of a receiver of the assets of the corporation pending litigation in this suit. So far as this opinion relates to matters of general practice in this district in regard to receiverships until formal adjudication with reference thereto, it has been deemed advisable that the profession should be advised concerning them, and the court is authorized to say that the learned district judge for this district expresses himself in harmony therewith.

There are some special objections of a jurisdictional character brought to the attention of the court which involve much doubt. If the points had been fully settled, and the propositions of law in reference thereto were clear, the court would feel compelled to dispose of them; and if, also, they were of such a character as would involve a dismissal of the bill, the court would deny the petition for a receiver without investigating its merits. In this respect the principle is exactly the same as that stated in Ladd v. Oxnard (C. C.) 75 Fed. 703, 729. The court, however, seems to be required to notice one objection raised by the respondent. This is the contention that, as the corporation has no assets in the district of Maine, the

proper jurisdiction in which to apply for a receiver is New Jersey, where is to be found its property, if it has any. It is true that every state is entitled to take control, according to its own local rules, of property lying within it, and this independently of the question of domicile; so that, under exceptional circumstances, there is no doubt that a local tribunal may properly constitute a receivership of assets actually within its jurisdiction, independently of any question of domicile. Nevertheless, where the purpose is to wind up a corporation, or a joint-stock association, or a co-partnership, on account of alleged insolvency or fraudulent transactions, or where it is desired to obtain a general receivership, as this expression is commonly understood, initial proceedings should be at the place of domicile, and the other receivership should be ancillary thereto. This question was incidentally before the presiding judge in an unreported case in the district of Massachusetts, and the court refused to constitute a receivership of assets within the state of Massachusetts belonging to a corporation created by the laws of New Jersey, until application had been made to the United States circuit court for the district of New Jersey for the appointment of a general receiver.

On the filing of this petition for the appointment of a receiver the court ordered notice to the corporation, the only respondent named in the prayer for a subpoena, and also, on inquiry as to the probable residences of the principal stockholders and creditors of the corporation, directed that notice of the pendency of the application be given by publication in newspapers of suitable circulation in their localities. An interlocutory receivership of a corporation ought not to be granted, except in very extreme emergencies, unless after public notice, so that creditors and shareholders generally may intervene, and be heard on the application, if they desire. Receiverships are too often sought in order to accomplish under color of judicial process what is prohibited by the common law and by the statutes against fraudulent conveyances; that is to say, for the purpose of delaying creditors. Moreover, the proceeding is so much of the nature of one in rem that notice of its pendency should, so far as practicable, be given to all concerned. This practice creates no difficulty, because it is now clearly settled that the jurisdiction of the court in which a bill is filed of such a character as to justify the appointment of an interlocutory receiver attaches to all the assets to which the bill relates from the time of its filing. Farmers' Loan & Trust Co. v. Lake Street El. R. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667. Moreover, in cases of emergency, it is feasible to appoint the marshal a temporary custodian, with directions not to interfere with the usual operations of the corporation; thus securing the actual possession by the hand of the court in addition to the theoretical possession which the filing of the bill gives it, and at the same time leaving the court in a position to rid itself of the property without the complications which arise from the appointing and discharging of a receiver, no matter how short the time the receivership continues. The spirit of the common law requires that judicial action should be taken in open court on issue between the parties, or after an opportunity for such issue; and a regard for its

traditions will not only insure the rights of litigants, but will also protect from the unjust criticisms so often made, and, what is of more importance, will secure the courts themselves against hasty and ill-considered action.

This case brings to the court three essential conditions, compliance with which is necessary to justify the appointment of a receiver as now asked for: First, that the case be fairly within the jurisdiction of the court, having in view both the limited jurisdiction of federal tribunals and the true nature of proceedings in equity; second, that some proper final relief in equity be asked for in the bill which will justify the court in proceeding with the case; and, third, that the circumstances calling for a receiver be of a clear and urgent character.

The first and second conditions, of course, run into each other. It is occasionally said, on an application for a receivership, that all the parties in interest have agreed. This does not relieve the court from looking at the question of jurisdiction, and especially from inquiring whether the application for the receivership is really with the view of obtaining final relief, or merely for the purpose of securing a receivership for the mere sake of the receivership. It is true that, when the subject-matter is of itself of an equitable nature, certain conditions which might be availed of to defeat jurisdiction may be waived. Hollins v. Iron Co., 150 U. S. 371, 380, 14 Sup. Ct. 127, 37 L. Ed. 1113. This, however, cannot go to the extent of justifying the court in appointing a receiver merely because all the parties in interest agree thereto. Not only does this not justify the court in taking jurisdiction where it ought not to, but it requires it to say to the parties that, if they are agreed, they are capable of making amicable adjustments or arrangements without its assistance, so that, therefore, there is no occasion for relief in equity. But, so far as the case at bar is concerned, this topic is of special importance, because the bill does not properly point out any suitable final relief, and on the presentation of the case at bar the counsel for the complainants were not able to state what final relief the complainants desire. The bill contains no prayer for special relief. It does contain a prayer for general relief, but the frame of the bill is such that it is impossible for the court to perceive, on the present hearing, what relief the complainants could properly ask for, or what they intended to ask for. On this matter being opened by the court during the hearing, it was plain to be seen, from the statement of the counsel for the complainants, that in filing the bill they had no clear purpose for final relief, and that they desired the appointment of a receiver only in order that the receiver might become a party respondent in certain litigation in New Jersey. This is the litigation in which Judge Kirkpatrick rendered the opinion found in Eldred v. Car Co. (C. C.) 96 Fed. 59, to which reference may well be had for the purpose of explaining the nature of the controversy pending in New Jersey, and the results which the complainants, the minority stockholders, desire to accomplish. It appears that, after Judge Kirkpatrick rendered the opinion referred to, the present respondent, acting through its officers, under direction of a vote of the large majority of its stockholders, directed its coun-

sel to object that the United States circuit court for the district of New Jersey had no jurisdiction over it; and thereupon the court was required so to hold, and the respondent corporation was dismissed from the New Jersey litigation. In view of the facts that the litigation in New Jersey is in equity, and therefore cannot proceed unless all parties in interest, among which is the respondent corporation, are parties to the record, and that, also, the opinion of Judge Kirkpatrick shows prima facie that that litigation involves serious questions and substantial interests, a court having proper jurisdiction might take action in that direction, either directly by acting upon the respondent corporation itself, or indirectly by appointing some person to represent it, provided the parties complainant showed that they had a substantial grievance. But as this bill asks no final relief, and was not filed for that purpose, it is beyond the power of this court to grant the pending motion, even if the court could perceive that a receiver appointed by an interlocutory decree could obtain a standing in the New Jersey litigation. It does not follow that, because this court denies the relief now asked for, relief could not be obtained on proceedings by mandamus, either in the federal courts, or the state courts having jurisdiction over the corporation, or by a bill filed showing that the complainants have a substantial interest to be promoted, and in which the relief asked for should be the appointment of a trustee, who should appear in the New Jersey litigation in the name of the corporation, with authority to represent it, on the principle adopted by the supreme court of New Hampshire in the well-considered case of Pearson v. Railroad Corp., 62 N. H. 537, 550. Such a bill, however, if one can be maintained, would be a bill framed for the particular purpose of the appointment of a trustee, and asking for such appointment as a matter of final relief, thus enabling the court to pass on the question intelligently on formal proofs and proper issues.

Some litigation in which the corporation is alleged to be concerned is said to be pending in Massachusetts, but the observations which we have made in reference to the New Jersey litigation dispose of that.

Pending this hearing, the complainants, by leave, amended their prayer in the bill by adding the following: "And, in case it shall appear that said respondent corporation is hopelessly insolvent, the court may order said corporation to be wound up and dissolved." With this was a prayer for the appointment of a receiver to have the control of the corporation's assets "until further order of court," with the further prayer that the respondent corporation might be decreed to make a transfer to such receiver. This relates only to an interlocutory receiver, and is subject to the observations we have already made.

Independently of any question whether this court should interpose against the bankruptcy statutes and the statutes of the state with reference to winding up corporations, or the collection of debts, and under its general equity powers close the affairs of an insolvent corporation, the prayer which thus came in by amendment with reference to the issue of insolvency is not effectual, in view of the fact that the

bill is not framed in that direction. This prayer for relief, thus brought in by amendment, was clearly an after-thought, and it does not change the position of the case as it is presented to the court, namely, that the bill was brought merely to obtain a receiver, without any purpose of prosecuting it to final relief.

In view of the considerations we have stated, we have no occasion to discuss the merits of the case with regard to the appointment of a receiver if the bill were properly framed to give us jurisdiction for such an appointment. The same principles apply with reference to the exercise of discretionary powers for the appointment of receivers as to the exercise of discretionary powers for preliminary injunctions, which powers, in either event, unless used carefully, run into uncontrolled and arbitrary action on the part of a single judge. The safeguards against this are the rules laid down by the circuit court of appeals for this circuit in Hatch Storage Battery Co. v. Electric Storage Battery Co., 41 C. C. A. 133, 100 Fed. 975, with reference to interlocutory injunctions, and by the same court in Post v. Electrical Co., 28 C. C. A. 431, 84 Fed. 371, to the effect that courts in equity ought not, on the application of minority interests in the stock of a corporation, interfere in what has been approved by the majority, unless the complainants have a clear and substantial grievance. Merely a technical injury, or one which involves only nominal consequences to the complainants, or circumstances which are doubtful, are not sufficient to call into action the conscience of the chancellor.

In view of the facts that the affidavits now before us show that the respondent corporation has been practically inert for many years, and that they raise no belief that, in any event, under the most advantageous circumstances, we could work out any surplus for the shareholders, and that they do not indicate that the complainants have any pecuniary interest in the payment of the corporate debts, it may well be doubted whether the case shows clearly that the complainants could derive any substantial advantage if we granted all the bill now asks. However this may be, we do not find it necessary to fully consider it, because the other aspects to which we have referred determine this present question against the complainants.

The petition for the appointment of a receiver, filed the 25th day of August, 1900, is denied.