[L. A. Nos. 963, 964.   Department One.—June 5, 1902.]

FREE GOLD MINING COMPANY, Respondent, v. JAMES SPIERS et al., Respondents.   ISAAC TRUMBO, Receiver, Respondent.   FRANK GIBSON, Intervener, Appellant.

RECEIVER OF MINING PROPERTY—PURCHASE OF CYANIDE PLANT—EX PARTE ORDER—JURISDICTION.—By virtue of the jurisdiction of the court over the parties to an action concerning mining property, in which a receiver was appointed to take charge of the mine and work it, the court had jurisdiction to make an *ex parte* order directing the receiver to purchase a cyanide plant for the purpose of working the mine.

ID.—REVIEW OF ERRORS.—Any error committed in the directions given to the receiver, or in any preliminary or subsidiary order leading thereto, including the sufficiency or character of the motion, or of the hearing upon the receiver's application, can only be reviewed after the settlement of the receiver's account and the entry of final judgment, upon appeal by a party then shown to be interested and aggrieved by the action of the court.

ID.—NON-APPEALABLE ORDERS—DISMISSAL OF APPEALS.—Orders of the court directing the receiver to purchase a cyanide plant, and striking out a preliminary complaint in intervention against permitting the receiver to incur indebtedness for that purpose, and refusing to hear an answer filed by the intervener in opposition to such purchase, are not appealable, and appeals therefrom by the intervener are premature, and must be dismissed.

APPEAL from orders of the Superior Court of San Diego County directing a receiver to purchase property and striking

out and disregarding appellant's opposition thereto. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Bicknell, Gibson & Trask, J. S. Chapman, and Goodrich & McCutchen, for Intervener, Appellant.

Jefferson Chandler, for Free Gold Mining Company, Respondent.

Graves, O'Melveny & Shankland, W. J. Hunsaker, and White & Monroe, for Defendants, Respondents.

Samuel M. Shortridge, for Isaac Trumbo, Receiver, Respondent.

HARRISON, J.—At the commencement of the present action a receiver was appointed to take possession of, and, under the direction of the court, to manage the property described in the complaint. The receiver afterward applied to the court for an order directing him to purchase and install a cyanide plant upon the property. Prior thereto, apparently in anticipation of such application, the appellant herein, who is not named as a party to the action, having obtained from the court an *ex parte* order therefor, filed a petition, styled by him a complaint in intervention, against permitting the receiver to incur any indebtedness for this purpose. When the receiver's application came on for hearing the court, upon the motion of the plaintiff, struck out the appellant's petition and set aside its order permitting the same to be filed. The appellant thereupon filed an answer to the receiver's application, and upon the motion of the plaintiff the court refused to hear his opposition thereto. Upon hearing the application of the receiver the court granted the same, the plaintiff consenting thereto and the defendants making no objection. The present appeals are from these orders of the court.

In the case of *Free Gold Mining Co.* v. *Spiers,* 135 Cal. 130, which involved an appeal from the same order to the receiver, it was held that the order could not be reviewed until after a final judgment in the action. Under the principles of the

opinion in that case the orders are not appealable, and the present appeals are premature. By virtue of its jurisdiction over the parties, and the previous appointment of the receiver, the court had jurisdiction to give the direction to the receiver upon his *ex parte* application therefor, and without notice to the parties to the action (see Beach on Receivers, sec. 272); and any error that it may have committed in giving such direction, as well as in any preliminary or subsidiary order leading thereto, including the sufficiency or character of the notice, or of the hearing upon the receiver's application, can be reviewed only after the settlement of the receiver's account and the entry of final judgment. Upon the settlement of his account the parties interested therein will be at liberty to contest its correctness. They may acquiesce in his report and account, or they may be satisfied with the action of the court upon their objections thereto, but until that court has made some order thereon it cannot be determined whether any party interested is aggrieved thereby and entitled to an appeal.

The appeals are dismissed.

Van Dyke, J., and Garoutte, J., concurred.