KIRWIN et al. v. BOSTON & O. MINING CO.

(Circuit Court, D. Massachusetts. December 30, 1908.)

No. 533.

COURTS (§ 274*)—FEDERAL COURTS—DISTRICT IN WHICH SUIT MUST BE BROUGHT—PROCEEDINGS AGAINST CORPORATION.

A federal court of equity will not entertain jurisdiction of a suit to wind up a corporation or appoint a general receiver therefor, where neither the domicile nor property of the corporation are within the state or district and the residence of the stockholders is immaterial.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 274.*

Citizenship as affecting the jurisdiction of the federal courts, see note to Shipp v. Williams, 10 C. C. A. 249.]

In Equity. On motion for appointment of receiver.

Arthur P. Teele, for the motion.
Homer Albers, opposed.

DODGE, District Judge. According to the allegations of this bill, the complainants are citizens of Massachusetts. The defendant corporation is established under the laws of South Dakota. It owns and operates a mine in Mexico, and it has an office in Boston, where its books and records are kept. According to the recital in the caption of the bill, the Boston office is the defendant's principal place of business, though there is no distinct allegation to that effect. Nor is it distinctly alleged that the corporation does any business in Massachusetts. Service of the order to show cause, however, has been

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

made on the Massachusetts commissioner of corporations. There has been no appearance on the corporation's behalf in the usual form; but an attested copy of a vote of the directors, authorizing and directing the treasurer to appear and consent to the appointment of a receiver, and a consent in writing on behalf of the corporation, signed by the treasurer, in pursuance of the vote, has been filed. The treasurer is also secretary and attests the vote in that capacity.

The complainants, who are two out of the seven directors of the corporation, allege themselves to be also creditors in the amount of $4,052.67. They bring their bill also on behalf of all other creditors who may join. They allege dissension in the board of directors rendering continuance of business impossible, that the corporation is without funds to continue business and insolvent, that another director has sued it, and still other suits against it by him and by other creditors are threatened, and that seizure of the corporation's property in Mexico is also threatened, which will prevent the application of said property to all creditors' claims. They ask for the appointment of a receiver, for an injunction forbidding the disposal of the corporation's property by it or its directors, for an order of sale of said property to be executed in Boston by the receiver, and for the application of the proceeds of such sale to the payment of the corporation's debts.

The American Banking Company of Boston and Malvina A. Cutter of Newton, Mass., filed petitions alleging themselves to be creditors and asking leave to join in the prayers of the bill.

Herbert F. Pierce and Thomas Mannix, alleging themselves to be creditors and stockholders, appear specially to object to the jurisdiction of the court, and without waiving such objection ask to be heard on the question of appointing a receiver. Arthur Mulvey and Louis E. Flye ask leave to appear, object, and be heard in like manner, as stockholders. It appears that Mannix and Flye are directors of the corporation.

So far as residence, or citizenship, or due service upon the defendant are concerned, the jurisdiction of the court is not questioned. There has been no public notice of this application, without which, as this court has said in Hutchinson v. American Palace Car Co. (C. C.) 104 Fed. 182, 184, an interlocutory receivership of a corporation ought not to be granted except in very extreme emergencies; but, assuming that all creditors and stockholders who wish to object are before the court, has the court jurisdiction to grant the ultimate relief for which the bill prays? Unless it has, no receiver ought to be appointed.

The bill seeks a winding up of the corporation's affairs under the court's authority and direction, and the receivership applied for is incidental to that purpose. It was said in Hutchinson v. American Palace Car Co., above cited, that:

"Where the purpose is to wind up a corporation, * * * or where it is desired to obtain a 'general receivership,' as this expression is commonly understood, initial proceedings should be at the place of domicile, and the other receivership should be ancillary thereto." 104 Fed. 184.

If all the corporation's property were in Massachusetts, the case might stand differently; or, if any considerable part of its property

were here, this court might for some purposes institute a receivership of such assets. But it has no property of any consequence within this jurisdiction. Its property is in a foreign country, where it can be reached or controlled no more easily by this court than by that court which has authority to appoint a receiver for the corporation and wind it up. It.is true that, according to the complainants' affidavits, "a large majority of the stockholders and all the officers of the corporation are residents of Massachusetts and within the jurisdiction of this court," and that the counter affidavits do not contradict these statements. Who the officers referred to are, and where each resides, does not appear. It appears without contradiction from the counter affidavits that the next annual meeting is to be held on January 19, 1909. Whether this be the fact or not, and assuming that the present officers will be continued in their offices, I am not satisfied that the court may properly entertain such a suit as this merely because the corporation's officers are within its jurisdiction, when its domicile and its property are both elsewhere. The residence of a majority of the stockholders seems to me immaterial.

Reasons against the exercise of the jurisdiction invoked by the bill seem to me to be found in the papers presented, even if the jurisdiction exists. As has been stated, two of the seven directors who manage the corporation are the complainants. One complainant is also president. The treasurer and secretary, also a director, appears to consent to the prayer of the bill. Another director appears as treasurer of the American Banking Company to join in the bill. The complainants are supported by all the directors, except the two who oppose this application. Yet though thus supported by a majority of the directors, they allege and rely upon dissensions in the board as to the management of the company's affairs. A minority of the directors who complained of violation of their rights by the majority might claim the aid of the court; but I think the court may well hesitate to relieve a majority of any of its responsibilities. The complainants are not judgment creditors, that they are creditors at all is not admitted, and on the affidavits there is reason to anticipate a controversy regarding their claims. On all the circumstances which appear, I must decline to make the appointment asked for.

Motion for appointment of receiver denied.