[No. 12292.   Department Two.   May 12, 1915.]

PACIFIC COAST COAL COMPANY, *Respondent*, v.
JAMES D. ESARY *et al.*, *Appellants.*[1]

APPEAL—APPEALABLE ORDERS—ORDER TO ASSESS STOCKHOLDERS. An
order of the court in a receivership proceeding, after notice to stock-
holders and their appearance in court, directing an assessment upon
the stockholders and authorizing suit by the receiver in case of non-
payment, is appealable as a final order or judgment in a special pro-
ceeding, in which the receiver and the stockholders are adverse
parties, and are finally concluded by the order.

APPEAL—ABSTRACTS—BRIEFS—TIME OF FILING. An appeal will
not be dismissed on the ground that appellants' abstract and brief
were not filed within ninety days, as required by Rem. & Bal. Code,
§ 1730, where the time therefor has been extended by the failure of re-
spondent to return the copy of the statement of facts served upon
him; in view of Id., § 394, which provides that the time limited by
law for the service and filing of the brief shall be enlarged by any
delay in returning such copy to the extent of such delay.

CORPORATIONS—FOREIGN CORPORATIONS—RECEIVERS—JURISDICTION—
ASSESSMENT AGAINST STOCKHOLDERS. The courts of one state have
no jurisdiction to appoint a general receiver for a foreign corpora-
tion, but may appoint a receiver for the assets of the foreign cor-
poration which are within the particular state where the action is
brought, and these assets may be subjected to the claims of creditors
of the corporation; hence such local or ancillary receivership would
be without power to direct an assessment and call upon stockholders
for the balance of their unpaid subscriptions to the stock of a for-
eign corporation.

Appeal from an order of the superior court for King
county, Smith, J., entered April 30, 1914, authorizing a re-
ceiver to enforce unpaid subscriptions to the stock of an
insolvent corporation, after a hearing before the court.   Re-
versed.

*Byers & Byers* and *McBurney & O'Connor*, for appellants.
*Wm. Brueggerhoff* and *Elias Wright*, for respondent.

[1] Reported in 148 Pac. 579.

MAIN, J.—This is an appeal from an order of the superior court authorizing the receiver of an insolvent corporation to bring suit against the stockholders thereof.

On the 8th day of January, 1913, a receiver was appointed for the Lak-A-Taka Company, a corporation. This corporation had been organized under and by virtue of the laws of the state of Nevada. On April 13, 1914, the receiver filed a motion asking for an order directing an assessment upon the stockholders. After notice had been given as required by law, and in response to the notice, certain of the stockholders appeared in court on the 30th day of April, 1914. At this time the court entered an order directing the receiver, after making a demand upon each stockholder, to bring an action against each and every stockholder that refused to make payment of the whole amount due on their respective stock subscriptions. From this order, certain of the stockholders have appealed.

The respondent opens its brief with a motion to dismiss the appeal. This motion is based upon two grounds. The first is that the order is not appealable. Under the rule stated in the cases of *Bennett v. Thorne*, 36 Wash. 253, 78 Pac. 936, 68 L. R. A. 113, and *Silvain v. Benson*, 83 Wash. 271, 145 Pac. 175, the stockholders had a right to appeal from the order. A full discussion of this question will be found in the *Bennett* case, and need not be here repeated.

The second ground of the motion is that the appellants' abstract and brief were not served and filed within the time required by the rules of court and the statutes. We find no merit in this branch of the motion. The abstract and three copies of the brief were served upon the respondent at the same time. At the time the brief and abstract were served upon the respondent, the time for serving and filing the appellants' brief had not expired. The failure of the respondent to return the copy of the statement of facts served upon him, enlarges the time allowed by law or rule of court for

15—85 WASH.

service and filing of the appellants' brief.  Rem. & Bal. Code, § 394 (P. C. 81 § 695).

Upon the merits, the controlling question is, whether courts in this state have the power to appoint a general receiver for an insolvent foreign corporation.  That the Lak-A-Taka Company is a corporation organized under the laws of the state of Nevada is admitted.  The rule sustained by the authorities is that the courts of one state have no jurisdiction to appoint a receiver for a corporation organized under the laws of another state, but that a receiver may be appointed for the assets of the foreign corporation which are within the particular state where the action is brought, and these may be subjected to the claims of the creditors.  3 Clark and Marshall, Private Corporations, p. 2756; 5 Thompson, Corporations (2d ed.), § 6332; *Stafford & Co. v. American Mills Co.*, 13 R. I. 310; *Leary v. Columbia River & P. S. Nav. Co.*, 82 Fed. 775; *Sidway v. Missouri Land & Live Stock Co.*, 101 Fed. 481; *Hutchinson v. American Palace-Car Co.*, 104 Fed. 182.  This is the statement of the rule as it appears in the text of Clark and Marshall, *supra:*

"A court of equity clearly has no jurisdiction whatever to dissolve a foreign corporation.  Nor has it any jurisdiction to appoint a receiver of a foreign corporation, not merely of its assets within the state, but, generally, at the suit either of creditors or of stockholders; or to compel a distribution of assets at the suit of a stockholder."

In the *Hutchinson* case, *supra*, upon this question it is said:

"It is true that every state is entitled to take control, according to its own local rules, of property lying within it, and this independently of the question of domicile, so that, under exceptional circumstances, there is no doubt that a local tribunal may properly constitute a receivership of assets actually within its jurisdiction, independently of any question of domicile.  Nevertheless, where the purpose is to wind up a corporation, or a joint-stock association, or a copartnership, on account of alleged insolvency or fraudulent

transactions, or where it is desired to obtain a general receivership, as this expression is commonly understood, initial proceedings should be at the place of domicile, and the other receivership should be ancillary thereto."

No authority has been called to our attention announcing a different rule from the one stated; and an independent investigation has failed to discover any. The receivership in the present case, so far as it extended to the taking possession of the assets of the corporation within this state and subjecting the same to the claims of creditors, was within the jurisdiction of the court. To direct an assessment and call upon stockholders for the balance of their unpaid subscriptions is one of the incidents of a general receivership. But the court had no power to appoint a general receiver for the corporation. If this could be done, the local stockholders might be required to respond to the full amount of the claims before the assets of the corporation in the jurisdiction of its domicile, if it had any, were appropriated to such purpose. In addition to this, the local stockholders would be compelled to respond to the payment of claims, while the stockholders in the state of the organization of the corporation would not be required to meet their proper proportion of such liability.

The proper procedure, as outlined in the authorities in such a case, is to have a general receiver appointed in the state of the corporation's domicile, and an ancillary receivership in any other state where it is desired to require the stockholders residing therein to pay the unpaid balance on their respective stock subscriptions. In this way all the assets of the corporation in both jurisdictions can be subjected to the claims of creditors; and if there be a balance still due, every stockholder can be compelled to respond in his proportionate amount for the purpose of meeting such balance.

The judgment will be reversed, and the cause remanded.

MORRIS, C. J., CROW, ELLIS, and FULLERTON, JJ., concur.