[L. A. No. 3801.   In Bank.—October 9, 1915.]

## TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent, v. CALIFORNIA DEVELOPMENT COMPANY et al., Respondents; BOAZ DUNCAN, Intervener and Appellant.

DEED OF TRUST—FORECLOSURE—BONDHOLDERS REPRESENTED BY TRUSTEE —APPEARANCE BY BONDHOLDER.—In an action of foreclosure instituted by the trustee under a deed of trust securing a bond issue, a bondholder is represented by the trustee on the application of the latter for the appointment of a receiver, and is bound by the trustee's *bona fide* acts so long as he does not appear in the proceeding individually. When he does so appear, he is entitled to stand upon his own rights and take such action as he sees fit for their protection.

ID.—RECEIVER—OBJECTION TO APPOINTMENT—WAIVER.—It is the duty of an intervening bondholder to make timely objection to the appointment of the receiver, if he is not content to have it stand. Failure to make such objection is a waiver of the right to make it, and the intervener cannot on appeal present points of attack which he did not present in the trial court.

ID.—MOTION TO DISCHARGE RECEIVER—INSUFFICIENCY OF COMPLAINT AND AFFIDAVIT.—Having founded his motion to discharge the receiver on the sole ground that the undertakings were insufficient, he cannot, after final decree, raise the objection for the first time on appeal that the complaint and the accompanying affidavit were insufficient to authorize the appointment of a receiver, although such objection would have been good if not waived.

ID.—DEFECTS IN UNDERTAKINGS—NEW UNDERTAKINGS FILED PRIOR TO MOTION.—Where the intervening bondholder moves to discharge the receiver for defects in the undertakings filed in pursuance of the provisions of sections 566 and 567 of the Code of Civil Procedure, and, prior to the determination of the motion, new undertakings sufficient in form are filed by order of the court, the defects in the original are thus cured, so as to make the appointment of the receiver valid at least from the time of the filing of the new undertakings.

ID.—RECEIVER'S CERTIFICATES—PRIVATE CORPORATION—CARE AND PRESERVATION OF PROPERTY.—In an action to foreclose a deed of trust securing a bond issue against the property of a private, as distinguished from a *quasi*-public corporation, the court, while it cannot, as against the objection of bondholders, issue receiver's receipts and make them a prior lien upon the mortgaged property, for the purpose of procuring funds to continue the management and operation

of the business, may issue such certificates and give them priority to enable the receiver to care for and preserve the property. In the present case the evidence shows the certificates were issued for the latter purposes.

ID.—UNACCOMPLISHED FRAUDULENT SCHEME TO ACQUIRE PROPERTY THROUGH CERTIFICATES.—Where the trustee for the bondholders, after actual default, in good faith instituted the action of foreclosure and asked for the appointment of a receiver, certificates issued by the receiver, and used for the preservation of the property, should not be denied recognition, merely because they have come into the hands of a party which had designed a fraudulent scheme, which was never consummated, for the acquisition of the mortgaged property under receiver's certificates.

ID.—EXPENDITURES ON PROPERTY IN FOREIGN COUNTRY—EFFECT ON PRIORITY.—The expenditure of the money realized from the sale of certificates upon properties situated in a foreign country, on which the bondholders had an equitable lien, under the provisions of the deed of trust, did not destroy the priority of the certificates as to the mortgaged property situated in this state, when such expenditures were necessary to protect the latter property.

APPEAL from a portion of a judgment of the Superior Court of Los Angeles County. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Valentine & Newby, for Intervener and Appellant.

O'Melveny, Stevens & Millikin, Lee C. Gates, and Walter K. Tuller, for Plaintiff and Respondent.

Eugene S. Ives, and Irving M. Walker, for Respondents Southern Pacific Company et al.

Eugene S. Ives, for Respondents Randolph and Doran.

Page, McCutchen, Knight & Olney, and McCutchen, Olney & Knight, for Respondent New Liverpool Salt Co.

E. A. Meserve, for Respondent California Development Co.

L. R. Works, and Works & Jordan, for Respondents Rockwood et al.

W. B. Mathews, and S. B. Robinson, for Receiver and Respondent.

SLOSS, J.—This is an appeal by Boaz Duncan, intervener, from that portion of the decree in the above-entitled cause which gives to the holders of receiver's certificates priority over the bonded indebtedness secured by the deed of trust sought to be foreclosed. The general facts of the case and the purport of the decree are shown in the opinion filed by us in *Title Insurance & Trust Co.* v. *California Development Co.,* (L. A. 3848), *ante,* p. 173, [152 Pac. 542].

The action was originally begun in the superior court of Imperial County, where the complaint was filed on December 13, 1909. On the same day the court, on the *ex parte* application of the plaintiff, appointed W. H. Holabird receiver. On December 22, 1909, the receiver applied to the court for and received authority to issue and sell receiver's certificates to the amount of thirty thousand dollars. On April 6, 1910, the court authorized two further issues of receiver's certificates, in the amounts, respectively, of two hundred and twenty-six thousand dollars and eighty thousand dollars. In each instance the order provided that the certificates should be a first lien on the property.

On January 6, 1910, the appellant, Duncan, applied for leave to intervene in the action, and on January 15, 1910, he was granted permission to file and did file his complaint in intervention. On the same day he filed a notice of intention to move for an order vacating the appointment of the receiver. One of the grounds of this motion, and the only one disclosed by the record, was the insufficiency of the bond given by the plaintiff on the appointment of the receiver, and of the bond given by the receiver for the faithful performance of his duties as such. The motion was denied on the sixth day of April, 1910. Duncan attempted to appeal from the order denying the said motion, but his appeal was dismissed by this court on the ground that the order in question was not appealable. (*Title Insurance & Trust Co.* v. *California Development Co.,* 159 Cal. 484, [114 Pac. 838].) In dismissing the appeal we said that "if the appellant has any right to a review of the order complained of, it must be by means of an appeal from such final judgment as may hereafter be entered in the action." Pursuant to this suggestion, the appellant now seeks to attack the propriety of the original order appointing the receiver. The application for the receiver was made by the plaintiff as trustee for the holders

of the bonds. Duncan, as a bondholder, was one of the beneficiaries of this trust. He was, therefore, represented by the plaintiff and was bound by its *bona fide* acts so long as he did not appear in the proceeding individually. (See *Wallace v. Loomis*, 97 U. S. 146, 163, [24 L. Ed. 895].) When he did so appear, he was entitled to stand upon his own rights and to take such action as he saw fit for the protection of those rights. It was his duty, however, to make timely objection to the appointment of the receiver, if he was not content to have the appointment stand. Failure to make such objection is a waiver of the right to make it. (34 Cyc. 162.) The intervener is not now entitled to present points of attack which he did not present in the court below. Having founded his motion to discharge the receiver on the sole ground that the undertakings were insufficient, he cannot, after final decree, raise in this court for the first time the objection that the complaint and the affidavit accompanying it were insufficient to authorize the appointment of a receiver, although this objection, as we have heretofore held, would have been good if not waived. (*Title Insurance & Trust Co.* v. *California Development Co.*, 164 Cal. 58, [127 Pac. 502].) In his attack upon the propriety of the order appointing the receiver, the appellant is, therefore, limited to the alleged defects in the two undertakings filed; one by the plaintiff under section 566 of the Code of Civil Procedure and the other by the receiver under section 567 of the same code. The first of these bonds is given to secure to the defendant the payment of all damages which he may sustain by reason of the wrongful appointment of the receiver. It is doubtful whether the appellant here, who was not a defendant but was one of the parties represented by the plaintiff applying for the appointment of a receiver, is in any way interested in this bond. Be that as it may, it appears that before the court made its order on the appellant's motion to discharge the receiver, the alleged defects in both undertakings were called to the attention of the court below, and the filing of new undertakings in proper form was ordered. Such undertakings were immediately filed. The defects in the original bonds were thus cured, so as to make the appointment of the receiver valid at least from the time of filing of the new undertakings. (*Title Insurance & Trust Co.* v. *California Development Co.*, 164 Cal. 58, 65, [127 Pac. 502].) And, we

think, so far as the intervener's rights are concerned, the proceedings were thereby validated from the beginning. No expenditures ·by the receiver were authorized to be made between the time when Duncan came into the case and the time when the corrected bonds were filed.

The appellant argues that the court was without authority to make the receiver's certificates a lien prior to that of the bonded indebtedness. We may assume that the California Development Company was a private, rather than a *quasi-*public, corporation. It is no doubt the general rule that in the case of such a corporation, "the court will not, as against the objection of a minority of the bondholders, issue receiver's certificates and make them a prior lien upon the mortgaged property, for the purpose of procuring funds to continue the management and operation of the business, the power of the court to incur liabilities being limited strictly· to the necessary care and preservation of the property during the receivership." (High on Receivers, 4th ed., sec. 312b.) The power to supersede prior liens by certificates issued for the purpose of carrying on the business of the corporation has generally been limited to the case of railroad receiverships. (Id.; 34 Cyc. 297.) But there can be no question of the right of the court to give priority to certificates issued to enable the receiver to carry out the primary object of his appointment, viz., the care and preservation of the property. The appellant argues that some, at least, of the expenditures for which leave to issue certificates was asked were designed, not to preserve the property, but to enlarge and extend the system and for other purposes. No specific part of the evidence is referred to in support of this claim. It is sufficient to say, in answer, that our own reading of the record satisfies us that there was ample evidence to justify the conclusion that all of the expenditures authorized by the court were required for the actual care and preservation of the property committed to the receiver's custody.

Some other points made by the appellant require reference to the findings of fact, upon which the court made its final decree. It is found that the Southern Pacific Company purchased some of the bonds of the California Development Company and contrived to have the development company default in the payment of interest, to the end that a foreclosure suit might be brought and that receiver's certificates

might be issued and sold to it, the Southern Pacific Company, thus enabling it to defeat the claims of the bondholders and purchase the property itself. It is found that the certificates were in fact bought by the Southern Pacific Company. The appellant argues that since the Southern Pacific Company was the mover in a fraudulent scheme under which the certificates were issued, it should not be permitted to profit by the result of this fraud. But the court also finds that the plaintiff had no knowledge of, and was not a party to, any fraudulent purpose involved in the filing of the complaint, and that the plaintiff has at all times acted on behalf of the interests of all of the bondholders. Furthermore, that the plaintiff declined to permit counsel for the Southern Pacific Company to become attorney of record for plaintiff, and that the request for the appointment of Holabird as receiver was concurred in by the plaintiff. Under these circumstances we are unable to see that the purposes which the Southern Pacific Company may have had in mind should affect in any way the validity of the receiver's certificates. Notwithstanding the finding that the Southern Pacific Company caused the development company to make default in the payment of the interest on its bonds, it cannot be questioned that there was such a default as to authorize the institution of the foreclosure action. Indeed, it is quite apparent that there was no way in which the development company could have paid the interest, unless the Southern Pacific Company had been willing to advance the necessary sums. This it was, of course, under no obligation to do. At any rate, the appellant, who is himself claiming the fruits of the foreclosure decree, is in no position to assert that there was no true default. This being so, and the plaintiff, as trustee for all the bondholders, having in good faith filed its complaint and asked for the appointment of a receiver, the certificates issued by such receiver, and used for the preservation of the property, should not be denied recognition, merely because they have come into the hands of a party which designed a scheme which it has been unable to carry out.

The court also found that a large part of the money realized from the sale of certificates, that is to say, a sum in excess of one hundred and ninety thousand dollars, was expended by the receiver upon the properties of the Mexican company

in the republic of Mexico. It is argued that priority over the bonds should not be accorded to the certificates whose proceeds were thus applied. But the evidence sustains the conclusion that the work done by the receiver in Mexico was necessary to protect the properties of the California Development Company in this state from overflow and destruction. An expenditure for this purpose was a proper charge, even though it may have involved the employment of labor and the use of materials outside of the jurisdiction. Besides, it is to be noted that the appellant contended on the trial of the main action, and the court below sustained the contention, that the lien of his bonds extended to the Mexican properties, and that he was entitled to a foreclosure, not only upon the properties in the state of California, but upon the shares of stock of the Mexican companies which held the legal title to all of the properties in Mexico. In its finding that expenditures were made upon the Mexican properties, the court found that the expenditures "have greatly enhanced the value of said properties." Through the foreclosure decree, the plaintiff is receiving the benefit of this enhanced value. There is, therefore, little equity in his claim that the expenditures which have thus gone to the preservation and improvement of the property upon which his lien rests should be denied recognition upon the mere ground that they were made at a point outside of the jurisdiction of the court.

The questions here involved, i. e., whether receiver's certificates should be issued and whether those certificates when issued should be given priority over the other indebtedness of the defendant, rested largely in the discretion of the court below. That court, upon a consideration of all the facts, determined that the certificates should equitably be given priority over the bonds, and we think its conclusion should not be interfered with. The portion of the judgment appealed from is affirmed.

Shaw, J., Melvin, J., and Angellotti, C. J., concurred.

Petition for modification denied.