[No. 13351.  Department Two.  July 11, 1916.]

PACIFIC COAST COAL COMPANY, *Plaintiff*, v. JAMES D. ESARY *et al.*, *Appellants*, LAK-A-TAKA COMPANY, *Defendant*, ELIAS A. WRIGHT, *Respondent.*[1]

RECEIVERS—COMPENSATION — ALLOWANCE — INTERLOCUTORY ORDER. An *ex parte* order approving a receiver's report and allowing him compensation is not void because made *ex parte*, as the same is interlocutory and reviewable on the final accounting.

SAME—COMPENSATION — ALLOWANCE — REASONABLENESS. The reasonableness of an interlocutory allowance to a receiver for services must be viewed as of the date it was made, and not by reference to subsequent claims that came into existence after exhaustion of the assets.

SAME—COMPENSATION—AMOUNT. An allowance of $750 to a receiver who acted diligently for seven months as his own attorney, held reasonable, although only about $1,300 was collected.

SAME—ACTIONS—COSTS — PERSONAL LIABILITY. A judgment for costs against a receiver is not a personal claim against him where he acted in good faith and in accordance with the orders of court.

Appeal from an order of the superior court for King county, Smith, J., entered November 6, 1915, approving the final report of a receiver.  Affirmed.

*McBurney & O'Connor* and *Byers & Byers*, for appellants.

*Wm. Brueggerhoff* (*Elias Wright*, of counsel), for respondent.

PARKER, J.—This is an appeal by James D. Esary and four others from an order of the superior court for King county approving and settling the final report of Elias A. Wright, as receiver of the property in this state of the Lak-A-Taka Company, a Nevada corporation.  Appellants are judgment creditors of the receiver, their judgment being for costs in the sum of $101.20, awarded to them in this court upon reversal of an order of the superior court made in the

[1]Reported in 158 Pac. 1003.

receivership proceedings directing the receiver to sue the stockholders of that company upon their unpaid subscriptions to its capital stock, appellants and others being such subscribers. The decision of this court upon which the judgment for costs was rendered in appellants' favor against the receiver is reported in *Pacific Coast Coal Co. v. Esary*, 85 Wash. 448, 148 Pac. 579. The contentions of counsel for appellants are, generally speaking, that the receiver has unlawfully dissipated the assets of the receivership to their prejudice, resulting in their judgment for costs being unpaid, and that he should now be required to pay the same as though he had sufficient of the trust funds in his hands for that purpose.

In January, 1913, respondent, Elias A. Wright, was appointed receiver of the property of the Lak-A-Taka Company at the suit of the Pacific Coast Coal Company, one of its creditors. It then had property of large prospective value in this state, most of which was heavily incumbered or in litigation. A number of its stock subscribers, including appellants, resided in this state, and some of its non-resident subscribers owned property in this state. Respondent entered upon his duties as receiver, also acting as his own attorney, and after diligent efforts, acting under orders of the court, covering a period of some seven months of litigation, including the defense of actions pending against the company when he was appointed, he had acquired cash as the proceeds of the resources of the company in this state amounting to $1,312.68, when in August, 1913, he made written report of his doings as receiver, and upon submission thereof to the court *ex parte*, it was by the court approved. By the terms of the order approving this report and the several items of expenditure made by the respondent in the administration of his trust as noted therein, the court allowed him on account of his services as receiver and attorney the sum of $750, and authorized him to pay himself that sum out of the trust funds on hand. The payment of this sum and other

approved expenses incurred by him then left in his hands $112. Thereafter this sum was increased to about $175. This sum, with the money previously paid out by approval of the court, constituted the whole of the resources of the receivership coming into his hands, and this balance was expended in further efforts on his part to recover further resources of the company in this state.

Reading the record as a whole, we are convinced, as the lower court manifestly was, that all of the acts of the respondent as receiver were done in good faith and in compliance with orders of the court, in an honest effort to recover property for the trust and in resisting litigation which was being waged against the Lak-A-Taka Company and the receiver, though his efforts ultimately resulted in the loss of prospective assets of large value. We also think the record warrants the conclusion that respondent, as receiver and attorney, was entitled to compensation for services performed prior to the time the court awarded him on account the $750, at least to that extent. This apparently was one of those unfortunate receiverships where the legitimate expenses attending proper efforts of the receiver to acquire and protect property amount to as much or more than the value of the property finally acquired for the trust.

In April, 1914, several months after the allowance by the court to respondent of the $750 on account of his services, the court entered an order directing the receiver to proceed against the stockholders upon their unpaid subscriptions to the capital stock of the company. This was the order which was reversed by this court, upon which reversal costs were awarded to appellants. Pending the appeal to this court from that order, respondent did bring suits against certain resident stock subscribers and, by attachment of property within the state, against certain nonresident stock subscribers. But little was expended in the bringing of these suits, however, and upon reversal of the order of the superior court authorizing the bringing of them, they were dismissed. By

reference to our decision in 85 Wash. 448, reversing that order of the superior court, it will appear that the reversal was upon the theory that respondent could not proceed as a general receiver, in view of the fact that the Lak-A-Taka Company was a foreign corporation and hence could not maintain an action against stockholders upon their unpaid subscriptions to its capital stock. The final judgment of this court in that case, resulting in the awarding of costs in the sum of $101.20 to appellants, was rendered June 25, 1915. At that time, as was shown by respondent's final account, from the approval of which this appeal is taken, respondent had no funds of the trust on hand whatever, he having, prior to that time, expended in the administration of the trust $7.67 more than he had received. The receiver received no additional compensation.

Counsel for appellants first contend that the order of the superior court, being made *ex parte*, approving the report of respondent as receiver in August, 1913, especially in awarding him $750 on account of services rendered prior to that time, was void, arguing that this is so because that order was made *ex parte* without opportunity of the creditors or others interested to be heard thereon. It might well be argued that appellants have no right to raise this question, in view of the fact that they were not then creditors of the trust estate, nor did the receiver then owe them anything as expense of administration. However, that was an interlocutory order incident to the administration of the trust, and we think it was not void, though reviewable and subject to correction if erroneously made, upon final accounting. We think that, in any event, so far as the rights of these appellants are concerned, whose claims came into existence long after the making of the order and after the exhaustion of the funds of the trust in proper expenses of administration, its correctness and the reasonableness of the allowance then made to the receiver must be viewed as of the date it was made, and so viewed, it seems clear to us that the allowance was

reasonable in amount. Whether a general creditor of the Lak-A-Taka Company would be entitled to test the reasonableness of that order as of the time it was made, or as of the time of the final accounting, might present a different problem. No general creditor is challenging the reasonableness of that allowance nor any act of the receiver performed in the administration of his trust. No authority has come to our attention touching this exact situation, but as lending support to the view that such interlocutory orders are not void but merely reviewable upon the final accounting, we note the following authorities: 16 Cyc. 503; 34 Cyc. 459; *Standish v. Musgrove*, 223 Ill. 500, 79 N. E. 161; *Robinson v. Ruprecht*, 147 Ill. App. 646; *Free Gold Mining Co. v. Spiers*, 136 Cal. 484, 69 Pac. 143.

Some contention is made that the judgment of this court for costs in favor of appellants should be regarded as a personal judgment against respondent and that he should be required to respond accordingly. This, manifestly, is not the law where a receiver has acted in good faith and in accordance with the orders of the court appointing him, which we are convinced is the case here. We conclude that the judgment is in effect only against him as receiver, and there being no funds remaining in the trust to pay the same, appellants are in the same position as any judgment creditor where the judgment debtor has no property. 23 Am. & Eng. Ency. Law (2d ed.), 1101; 34 Cyc. 448; *Willett & Oleson v. Janecke*, 85 Wash. 654, 149 Pac. 17.

Upon the whole record, we conclude that all of the funds of the trust were lawfully disbursed before appellants' claim came into existence. It must, therefore, remain unpaid, unless additional resources of the Lak-A-Taka Company be brought to light in this state.

The order approving the receiver's final account is affirmed.

MORRIS, C. J., HOLCOMB, BAUSMAN, and CHADWICK, JJ., concur.