[No. 13801.    Department Two.    April 3, 1917.]

## M. J. DROPPELMAN, *Respondent*, v. ILLINOIS SURETY COMPANY, *Appellant*.[1]

CORPORATIONS—DISSOLUTION—ACTIONS — RECEIVERSHIP — JURISDICTION.    After a foreign corporation has been dissolved in its home state and a receiver appointed who succeeds to its property, it ceases to exist and cannot be made defendant in an action in this state for the purpose of acquiring jurisdiction to appoint a receiver of its property in this state; since a proceeding for the appointment of a receiver is only *quasi in rem*, and requires service upon the owner of the property, the foreign receiver who succeeded to the title.

Appeal from an order of the superior court for King county, Gilliam, J., entered June 22, 1916, in favor of the plaintiff, making permanent an order appointing a receiver for a corporation.    Reversed.

*Piles & Howe* and *Earl M. Brockett*, for appellant.

*Tucker & Hyland*, for respondent.

HOLCOMB, J.—This is an action to recover a personal judgment against appellant, a foreign corporation, for professional services rendered by the assignors of respondent. The appointment of a receiver was also asked to take charge of all properties in the state of Washington belonging to appellant.    A temporary receiver was appointed, which appointment was later made permanent, although appellant appeared specially and moved to quash the order appointing the temporary receiver, and objected to his being made permanent on the ground that the court was without jurisdiction.    This appeal is taken from the order making the receiver permanent and overruling appellant's motion to quash.

There is a jurisdictional question at the very threshold which is determinative of this appeal.    It appears that, prior to the appointment of the receiver in this action, a

[1] Reported in 164 Pac. 70.

receiver had been appointed for appellant in its home state, Illinois, and by the laws there in force, the receiver acquired absolute title to the property of appellant as fully as though he had been an assignee thereof, and was, in fact, a quasi assignee or successor. *Republic Life Ins. Co. v. Swigert*, 135 Ill. 150, 25 N. E. 680, 12 L. R. A. 328.

It is respondent's contention that, because of appellant's nonexistence, it had no right to appear and defend, and that the proper procedure would be for the Illinois receiver to intervene and set up the defense interposed here by appellant. While we agree with respondent that appellant no longer has any existence, we do not agree with the conclusion derived therefrom that it is incumbent on the Illinois receiver to intervene. Since respondent has instituted this action, she must first acquire jurisdiction, and by advancing the argument that the receiver was the only proper person to defend this action because of appellant's nonexistence, she has, in the same breath, admitted that she has sued a corporation which has been dissolved and no longer exists, and, judging from the Illinois statutes, there can be no doubt of its nonexistence.

Since it is well settled that a personal judgment cannot be obtained against a corporation that has been dissolved (*Martyne v. American Union Fire Ins. Co.*, 216 N. Y. 183, 110 N. E. 502), it is apparent that this action must fail unless an action asking for the appointment of a receiver is in the nature of an action *in rem* to such an extent as to give the court jurisdiction by reason of the property being within the jurisdiction, even when there has been no service on the owner of the property sought to be turned over to the receiver. The most favorable construction on this question that respondent can contend for is that this is an action *quasi in rem*, which, according to the cases of *Gassert v. Strong*, 38 Mont. 18, 98 Pac. 497, and *Freeman v. Alderson*, 119 U. S. 185, differs from actions which are strictly *in rem*, in that in the former there must be service on the defendant.

In a proceeding such as this, the great object of the remedy is to secure the property or thing in controversy so that it may be subjected to such order or decree as the court may make. It is held to be a proceeding *quasi in rem.* 34 Cyc. 18.

Respondent relies largely upon the statement contained in the case of *Pacific Coast Coal Co. v. Esary,* 85 Wash. 448, 148 Pac. 579, as follows:

"The rule sustained by the authorities is that the courts of one state have no jurisdiction to appoint a receiver for a corporation organized under the laws of another state, but that a receiver may be appointed for the assets of the foreign corporation which are within the particular state where the action is brought, and these may be subjected to the claims of the creditors."

In that case, the corporation was one organized in a foreign state, and it was denied that the courts of this state had power to appoint a general receiver therefor, but it was stated that they did have power to appoint a receiver of the assets of that corporation in this state. The distinction between that case and this is that, in that case, the foreign corporation had not been dissolved and was not in process of dissolution, and jurisdiction to appoint a receiver of the local assets could be obtained in *quasi in rem* proceedings.

In *Hawley v. Bonanza Queen Min. Co.,* 61 Wash. 90, 111 Pac. 1073, a case not cited by either party hereto, it was said:

" 'The complete dissolution of a corporation destroys its capacity to be sued at law because a judgment can no more be rendered against a dead corporation than against a dead man. It cannot thereafter be made a party defendant in an action brought by a receiver to set aside a fraudulent conveyance of its assets. The necessary effect of the dissolution of a corporation is to abate all actions pending against it at the time of its dissolution, in the absence of a saving statute providing for the continuation of such actions. Decisions are sometimes met with which hold in general terms a doctrine opposed to that just stated. Thus, according to an early decision in Missouri the expiration of the charter of a

corporation does not affect legal proceedings already commenced against it.   It is enough to say of such decisions that unless they can be justified by some local statute they were badly decided.   It follows that a judgment rendered against a corporation after it has been dissolved is voidable, in the sense that it will be reversed on error, or that the execution of it will be perpetually enjoined.   Other authoritative courts have gone to the length of holding that a judgment rendered against the corporation after its dissolution, *although in an action previously commenced,* is not merely erroneous, but absolutely void.'   10 Cyc. 131 *et seq.*"

And to apply the same rule applied in the case just quoted, "a defendant to proceed against is essential except where the proceedings are strictly *in rem.*"   The defendant against whom respondent proceeded does not legally exist.

There was no service on the Illinois receiver, who was the owner of the property at the time of the commencement of the action, and the action must therefore fail.   Reversed.

ELLIS, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.