[Civ. No. 8770. First Appellate District, Division One.—March 10, 1933.]

KATHERINE E. WEYGANDT et al., Respondents, v. ALFRED LARSON et al., Appellants.

M. B. Butler for Appellants.

Victor Ford Collins for Respondents.

JAMISON, J., *pro tem.*—This appeal is from a deficiency judgment rendered by the court on motion of Morris M. Ferguson, receiver, against the above-named defendants. This deficiency judgment is based upon a judgment theretofore rendered in a case brought by respondent, as distributee of and representing the heirs of Julius G. Weygandt, against the above-named appellants and others. By this last-named judgment it was adjudged that Alfred Larson was the record owner of certain lands in Placer County, California; that he held the title to said lands as trustee under a certain declaration of trust dated July 24, 1914; that the beneficiaries and interests in said lands were as follows: N. A. McFaul and the heirs and distributees of Julius G. Weygandt, an undivided 2/9 each; estate of Berdena Larson, an undivided 1/8; George A Tate, an undivided 1/8; Charles W. Spitley, an undivided 1/6, and William Milchrist, an undivided 5/36; that said interests were held subordinate to certain indebtedness owing by certain of said beneficiaries to said trust estate as follows: N. A. McFaul, $13,298.60;

Alfred Larson and estate of Berdena Larson, $8,135.91; George A. Tate, $5,243.75; William Milchrist, $5,610.39; Charles W. Spitley, $2,631.35, together with accrued interest.

It was further adjudged that defendant Larson was the record owner of certain lands in Yuba County, California, under a declaration of trust dated May 18, 1912, and held the title as trustee under said declaration; that the beneficiaries and interests of each in said lands are as follows: N. A. McFaul, Alfred Larson, heirs and distributees of V. S. Colbert, heirs and distributees of Julius G. Weygandt, and heirs and distributees of John Liebold, one-fifth each. It was further adjudged that the said trusts be dissolved; that M. M. Ferguson be appointed receiver and that Alfred Larson execute a deed conveying said land to said M. M. Ferguson as such receiver, the said receiver being given full power to handle and manage said lands, and to collect all indebtedness due the said trust estate from the beneficiaries or other persons owing money to said trust estate. Thereafter the said receiver, under the orders of the court, proceeded to wind up the affairs of said trust estate, and on January 28, 1931, filed a motion for a deficiency judgment against appellants, and on March 3, 1931, appellants, having filed objections to said motion, a hearing was had and judgment was rendered in favor of the receiver and against appellants for the several amounts of their indebtedness to the trust estate.

Appellants contend that the original judgment is void upon its face; that the suit in which that judgment was rendered was commenced in Los Angeles County while the land involved therein is situated in Yuba and Placer Counties, and that the purpose of said suit was to establish interests in said land. The complaint in said suit alleges that appellant Alfred Larson, as a trustee, in conjunction with appellant McFaul, has collected funds belonging to the trust, for which they have failed to account; that they threaten and intend to dispose of the property covered by the trust and to fail to account to the beneficiaries for the proceeds thereof, and a judgment is asked enjoining said appellants from disposing of said property and requiring an accounting from them; that said trust be dissolved and distribution of said property be made to the beneficiaries under said trust, and also that judgment be entered against

appellants for the amount found to be due upon said accounting.

The nature of the action is to be determined from the complaint. (*Miller & Lux* v. *Kern Co. Land Co.*, 140 Cal. 132 [73 Pac. 836]; *McFarland* v. *Martin*, 144 Cal. 771 [78 Pac. 239]; *Donohoe* v. *Rogers*, 168 Cal. 700 [144 Pac. 958].) Section 5 of article VI of the Constitution provides that all actions for the recovery of the possession of, quieting title to or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate or any part thereof affected by such action is situated. Subdivision 1 of section 392 of the Code of Civil Procedure provides that actions for the recovery of real property, or an estate or interest therein, or for the determination of any form of such right or interest, must be brought in the county where such real estate or some part thereof is situated. Section 395 of the Code of Civil Procedure provides that all other actions must be tried in the county where the defendants or some of them reside at the commencement of the action. An action for an accounting is a proceeding in equity and is essentially a personal action (*Smith* v. *Smith*, 88 Cal. 572 [26 Pac. 356]), and it is only when land or an interest therein is the exclusive subject matter of the action that said section 392 controls. (*Smith* v. *Smith, supra*; *Le Breton* v. *Superior Court*, 66 Cal. 27 [4 Pac. 777].) If real and personal actions are joined in the same complaint, the case falls within said section 395 and must be tried in the county of defendant's residence. (*Le Breton* v. *Superior Court, supra*; *Warner* v. *Warner*, 100 Cal. 11 [34 Pac. 523]; *Donohoe* v. *Rogers, supra*.) The provisions of said section 392, being a limitation upon the jurisdiction of the superior courts, must be strictly construed, and its prohibition must be confined to the actions enumerated therein. (*Wood* v. *Thompson*, 5 Cal. App. 247 [90 Pac. 38]; *Miller & Lux* v. *Kern Co. Land Co., supra*.)

We are of the opinion that the nature of this action, as disclosed by the complaint, was not an action for the recovery of real property, nor of an estate or interest therein, nor for the determination in any form of such right or interest, but, on the contrary, was an action against Alfred Larson and McFaul to force them to an accounting and to restrain them from disposing of property embraced in the trust, and

that the Superior Court of Los Angeles County had jurisdiction of the action.

■ Appellants next contend that the original judgment is void on its face because some of the beneficiaries under the trust were not made parties. They rely upon *Mitau* v. *Roddan*, 149 Cal. 1 [84 Pac. 145, 6 L. R. A. (N. S.) 275], to support this contention. In that case necessary parties plaintiff were not joined, and the court denied defendant's request to have these parties made parties plaintiff. In the course of the opinion delivered in that case the court said at page 17: "The only effect of the failure to make them parties is that they are not bound by the judgment appealed from." While the said beneficiaries in the case now before the court could have been joined as parties defendant, they were not necessary parties to a determination of the issues involved. Appellants made no effort to have them brought in and made parties. The failure to join them as parties defendant did not render the judgment void.

■ Appellants contend that the appointment of M. M. Ferguson as receiver was in direct violation of law. Section 566 of the Code of Civil Procedure provides in part that no attorney of a party, or person interested in an action, can be appointed receiver therein. It is admitted that Ferguson was attorney for some of the heirs of the Weygandt estate prior to his appointment as such receiver. The appointment was made in open court in the presence of appellants and their attorneys. They knew that prior to the appointment Ferguson had acted as one of the attorneys for said heirs. Appellants made no objection to the appointment of Ferguson as the receiver at the time he was appointed, nor since then have they taken any steps toward vacating the appointment. During a period of two years they stood by and saw him take over the trust estate, administer its affairs and consummate numerous transactions without any objection upon their part, and for the first time upon this appeal raise the question of his competency to act as receiver. It was the duty of appellants to make timely objection to the appointment of the receiver if they were not content to have the appointment stand. Failure to make such timely objection is a waiver of the right to make it. (*Title Ins. etc. Co.* v. *California Dev. Co.*, 171 Cal. 227 [152 Pac. 564].) In *First Nat. Bank* v. *Superior Court*, 12

Cal. App. 335, 344 [107 Pac. 322], it was held that where, with the knowledge of the appointment of receivers, no steps were taken for nearly a year to call in question either its legality or expediency, it must be presumed that the parties acquiesced therein. ■ The order appointing the receiver was appealable; no appeal was taken therefrom. On an appeal from a judgment the court is without authority to review any decision or order from which an appeal might have been taken. (*Tourny* v. *Bryan,* 66 Cal. App. 426 [226 Pac. 21] ; sec. 956, Code Civ. Proc.)

■ The original judgment provided that the receiver was not to sue for or enforce the sums found to be owing to the trust estate from appellants until after the sale of all of the lands owned by the said estate, and that if after such sale it should develop the shares of each are less than their respective debts a personal judgment .shall be rendered against them for the amount of such deficiency. There is ample evidence to support the deficiency judgment. The receiver had disposed of all the land owned by the trust estate, and the amount received did not pay off its debts. Consequently there was nothing to distribute to the beneficiaries, which left appellants owing the several amounts as set forth in the original judgment.

■ Appellants claim that they had no notice of the proceedings of the receiver as to the petitions and orders for power to deed away the estate entrusted to him. In the case of *Free Gold Min. Co.* v. *Spiers,* 136 Cal. 484 [69 Pac. 143, 144], the court said: "By virtue of the jurisdiction over the parties, and the previous appointment of the receiver, the court had jurisdiction to give the direction to the receiver upon his *ex parte* application therefor, and without notice to the parties to the action. (See Beach on Receivers, sec. 272.)" (22 Cal. Jur. 508.) In the case at bar the receiver was granted authority by the court to execute the conveyance in each instance where he executed such conveyance, and his actions in that respect were duly approved by the court.

■ Appellants also complain that the receiver released Spitley, Tate and Milchrist from their indebtedness to the trust estate without receiving anything from them. The record is silent as to the circumstances under which this was done, or that it was done at all. Admitting that this

is true, it would in nowise release appellants from their indebtedness to the said estate. If the release of these parties was an unauthorized and wrongful act upon the part of the receiver, appellants have their remedy, but such action upon the part of the receiver affords no reason why appellants should not pay that which they justly owe the said trust estate.

Appellant Youngren, as administratrix of the estate of Berdena Larson, claims that the judgment against her is erroneous in that it does not contain the qualifying words "in due course of administration". Section 730 of the Probate Code provides that a judgment against an executor or administrator must be that the executor or administrator pay the amount found to be owing by the estate in due course of administration. (*Vance* v. *Smith,* 124 Cal. 219 [56 Pac. 1031].) Therefore, the judgment against the said administratrix should be and is hereby modified by adding the words "in due course of administration".

Appellants raise some additional points in their brief which we deem unnecessary to discuss.

The judgment as modified is affirmed, the appellant Youngren as administratrix to recover her costs of appeal.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 8, 1933.