(90 App. Div. 140.)

PHILLIPS v. SONORA COPPER CO. et al.

(Supreme Court, Appellate Division, First Department. January 15, 1904.)

1. ACTION BY STOCKHOLDER AGAINST CORPORATION AND OTHERS—PLEADING—SUFFICIENCY.

A complaint by a stockholder of the S. corporation, suing for himself and the other stockholders, alleged that individual defendants controlled the affairs of the S. corporation and other defendant corporations, and that, in pursuance of an alleged fraudulent scheme to promote sales of stock, the individual defendants had succeeded, by means of a false prospectus and otherwise, in selling a large amount of stock of S. corporation; but it was not alleged that plaintiff purchased in reliance thereon. Besides, this, it alleged that, if the S. corporation had any assets or claims of any sort, there was reason to fear their dissipation and loss, unless cared for by others; that the individual defendants, to prevent investigation of their acts, were deceiving the stockholders into an exchange of their stock for stock of the other defendant corporations; but it was not alleged that they had endeavored to or had succeeded in deceiving plaintiff, or caused him any injury, or affected the value of his stock. It was further alleged that large sums were obtained from the sale of stock, and that the money was diverted from the use of the S. corporation and delivered to the other corporations, and that all of its assets were in possession of the other defendants, without right or authority; but it was not alleged that the stock sold was stock of the S. corporation, or that defendants misappropriated or misapplied any of its money or property. *Held* insufficient to state a cause of action either in favor of the plaintiff or the S. corporation.

**2. SAME.**

An allegation, in a complaint by a stockholder against a corporation and individual defendants, that the latter were unfit to have charge of its affairs or property, and that they ought to account to it for all of its assets which have been turned over to them, as alleged or otherwise, states nothing on which to base a cause of action, where there is a failure to allege that it ever had property or ever turned any over to them.

**3. SAME—APPOINTMENT OF RECEIVER.**

There is nothing to justify the appointment of a receiver of a foreign corporation· because of general allegations in the complaint of· a stockholder of misconduct on the part of the directors or officers.

**4. SAME—ALLEGING OWNERSHIP OF TREASURY STOCK—SUFFICIENCY.**

An allegation, in a complaint by a stockholder against a corporation and others, that a prospectus had been issued calling for subscriptions to treasury stock, cannot be said to be an allegation that the company ever had any such stock.

**5. SAME—MONEY RECEIVED FROM SALE OF SHARES.**

An allegation, in a complaint by a stockholder against a corporation and others, that it had no property except money received from the sale of its shares, is not an allegation that it had money so received.

**6. PLEADING—PICKING OUT INDEPENDENT ALLEGATIONS TO SUSTAIN COMPLAINT.**

Where the allegations of a complaint are jumbled together, having no relation to each other or to one distinct cause of action sought to be enforced, it cannot be sustained by picking out independent allegations having no particular relation to each other.

Appeal from Special Term, New York County.

Action by Frederick Phillips, suing on his own behalf and on behalf of the stockholders of the Sonora Copper Company, against the Sonora Copper Company and others, for an accounting and other relief. From a judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

J. C. Thomson, for appellants.

Harry S. Bandler, for respondent.

INGRAHAM, J. It is somewhat difficult to ascertain from this complaint just what was intended to be alleged. The defendants the Sonora Copper Company and the Puertecito Copper Company are foreign corporations existing by virtue of the laws of the state of Delaware, and the defendant the Empire Consolidated Quicksilver Mining Company is a foreign corporation organized and existing under the laws of the state of New Jersey; and the individual defendants are alleged to control and handle the affairs of these corporations. The defendant Hallenborg is the treasurer of one copper company, and the secretary and treasurer of the other copper company. There are other allegations scattered through the complaint which would seem to indicate that these defendants, or some of them, are also directors of one or more of these companies, although I cannot find that that fact is directly alleged. The complaint then sets out a prospectus that was issued by the Sonora Copper Company, which invited subscriptions to a limited number of shares of the treasury stock of the company at $8 per share, alleging that this prospectus was signed

by one Costello as vice president, and by the defendant Hallenborg as treasurer, of the Sonora Copper Company. There is then set out a statement issued by the Sonora Copper Company; and this prospectus and statement are alleged to have been issued and circulated pursuant to some fraudulent scheme for the purpose of promoting sales of stock of the Sonora Copper Company, and that certain statements in this prospectus and statement are not true. It is then alleged that as a result of the issuance and circulation of this prospectus, notwithstanding the falsity thereof, and as a result of their personal efforts by solicitation and correspondence, and by making statements with regard to the properties of the Sonora Copper Company of the nature set out in the foregoing prospectuses, the individual defendants succeeded in selling at various prices a large amount of the stock of said company to various persons in different localities in the United States.

From this allegation it would appear that it was the individual defendants that sold the stock, and not the corporation; but it is not alleged that the plaintiff purchased any stock relying upon the statements of this prospectus, or in the statements made by the companies or the individual defendants.

The plaintiff then alleges that the Sonora Copper Company is not now engaged in business, and "that, if the said company now has any assets or claims of any sort of any value, there is grave reason to apprehend that said assets and claims will be dissipated and lost, unless cared for by some persons other than the defendants"; that the individual defendants are connected with or are interested in the other corporate defendants, and have circulated information, among the stockholders of the Sonora Copper Company residing in the states of Vermont and New York, to the effect that the assets of the Sonora Copper Company have been turned over to the Puertecito Copper Company, and that they have informed the stockholders of the Sonora Copper Company in Kentucky that the Empire Consolidated Quicksilver Mining Company possessed the assets of the Sonora Copper Company, and said defendants have endeavored to induce the stockholders of the defendant Sonora Copper Company to exchange their stock for the said the Puertecito Copper Company and Empire Consolidated Quicksilver Mining Company; and, for the purpose of preventing criticism of and inquiry into and action upon their acts in relation to these corporations, they are endeavoring to bring about such transfers, although there is no allegation that they have endeavored to or have succeeded in deceiving this plaintiff. It is also alleged that they are engaged in deceiving and tricking persons to purchase stock of the Sonora Copper Company in the manner before alleged; that the defendants, acting in pursuance of their false and fraudulent scheme to obtain money from the public and to turn over any assets of the Sonora Copper Company to the defendant the Puertecito Copper Company, or the Empire Consolidated Quicksilver Mining Company, and for the purpose of preventing an investigation by the stockholders of the Sonora Copper Company with respect to their said deceitful and wrongful acts, caused and permitted to be issued and uttered, to the stockholders of the Sonora Copper Company

resident in Kentucky, statements that said company had gone out of the copper mining business, and that there had been organized a quicksilver mining company, and that the assets of the Sonora Copper Company were held by the Empire Quicksilver Mining Company; that, as a result of said statements and representations, certain of the stockholders of the Sonora Copper Company residing in Kentucky were induced to exchange their stock in the Sonora Copper Company for stock in the Empire Consolidated Quicksilver Mining Company, at par; that for the same purpose similar representations were made to stockholders of the Sonora Copper Company in Vermont and New York, and that by said statements various stockholders of the Sonora Copper Company were induced to exchange their stock for stock in the Empire Consolidated Quicksilver Mining Company. It is further alleged that the individual defendants have made other representations about these companies which are all alleged to be false and untrue, and that by reason of all of these false and untrue statements they are now engaged in persuading the stockholders of the Sonora Copper Company to exchange their stock for stock of the other companies, and that all of these very wrongful and fraudulent acts have been done in pursuance of some conspiracy to defraud the stockholders of the Sonora Copper Company. But it is not alleged that any of these false and fraudulent statements and representations have at all deceived the plaintiff, or have caused him any injury, or have affected the value of the stock held by him. It is then alleged that large sums of money were obtained by the individual defendants from the sale of the stock of the Sonora Copper Company, but that said sums of money have been diverted from the use of the Sonora Company, and have been delivered over to the other defendant corporations, and that all of the assets of the Sonora Company are in the possession of the other defendants, without right or authority, and to the ends and purposes of the defendants herein other than the Sonora Copper Company. But it is not alleged that the stock so sold was the stock of the Sonora Company, or that the defendants have misappropriated or misapplied any of the money or property of the Sonora Copper Company.

It is difficult to understand just what relation all of these alleged false and fraudulent representations as to the condition and affairs of these various defendant corporations have to do with any cause of action which the plaintiff, suing on behalf of himself and all other stockholders, can enforce. Just what disposition was made of the stock of this company by its various stockholders—whether it was exchanged or sold—is no concern of the plaintiff as a stockholder. It could make no difference to him who the other stockholders are, or how much they have been affected by the frauds of the individual defendants, as long as he has sustained no injury by their acts. Nor does it appear how the acts of the various stockholders of the Sonora Copper Company in disposing of their stock or exchanging their stock could affect the Sonora Copper Company. If these individual defendants have sold their own stock or other people's stock, and realized large sums of money for it, so far as is alleged, they were under no obligation to turn the proceeds of that stock over to the Sonora Com-

pany or to other of the corporations. If they sold stock belonging to the Sonora Copper Company and misappropriated the proceeds, there would be a cause of action in favor of the company against them, and such cause of action might, under certain conditions, be enforced by a stockholder suing on behalf of himself and all other stockholders. But I fail to find in this complaint any allegation that would sustain such a cause of action, as there is no allegation that the corporation ever owned a share of its own stock, ever sold a share of it, or that these individual defendants have ever received a share of the stock of the company which had belonged to it or which it had sold. The general allegation that all the assets of the Sonora Copper Company, such as they may be, are in the possession of these other defendant corporations, and are being diverted from the said corporation without right or authority, is not sufficient to sustain a cause of action, as there is no allegation that the Sonora Copper Company has or ever had any property of any kind. All that the complaint alleges is that, if it ever had any property in its possession of the other corporations, it has been diverted. Certainly such an allegation cannot be seriously considered as giving a cause of action.

The complaint then goes on to detail a proceeding which the plaintiff, through his attorney, Anthony Higgins, Esq., of Wilmington, Del., brought in the courts of the state of Delaware; but just what this has to do with any claim that the plaintiff can enforce in the courts of this state is not perceived; nor does it appear just what the mandamus alleged to have been issued by the superior court of the state of Delaware, directing the Sonora Copper Company to file a certificate in the office of the Secretary of State, and stating the amount of installments or calls of capital paid, has to do with the complaint that the plaintiff makes against these defendants.

Having alleged all of these fraudulent and wrongful acts of these defendants, the plaintiff alleges, upon information and belief, that the individual defendants are not fit persons to have charge of any affairs or property of the defendant corporations, and that they ought to account to the Sonora Copper Company for all assets of said company which have been turned over to them, as alleged or otherwise. But as I fail to find any allegation that the Sonora Copper Company ever had any property, or ever turned any over to the individual defendants, there does not seem to be any substance in this allegation.

The plaintiff, then, upon these allegations, asks, first, that a receiver be appointed for the defendant the Sonora Copper Company. As the said company is a foreign corporation, organized under the laws of the state of Delaware, it would appear that any application to appoint a receiver of that corporation should be made in that state. While the courts of this state will, under certain circumstances, appoint a receiver of the property of a foreign corporation in this state, when necessary for the protection of the stockholders or creditors of the corporation, I know of no authority which justifies the courts of this state in appointing a receiver of a foreign corporation because of general allegations of misconduct on the part of the directors or officers.

The second relief that the plaintiff asks is that individual defendants account, to the receiver of the Sonora Copper Company to be appointed, for the sums of money obtained by them from the sale of the stock of the Sonora Copper Company. Just why the individual defendants of the Sonora Copper Company should account to the Sonora Copper Company is not apparent, as it is not alleged that the company is insolvent or has any creditors, that these individual defendants have any property of the company in their hands, that the company ever had any stock in its possession, or that any stock of the company had ever been sold.

The third relief to which the plaintiff considers himself entitled is that the defendant corporations, other than the Sonora Copper Company, pay over to the receiver of the Sonora Copper Company the sums of money received by the individual defendants from the sale of the stock of the Sonora Copper Company, to such extent as the said Puertecito Copper Company and the Empire Consolidated Quicksilver Mining Company have received the same from the individual defendants, and that the Puertecito Copper Company account to the receiver for such assets of the Sonora Copper Company as they have received. But for the same reasons it is quite apparent that upon the facts alleged the plaintiff could not be entitled to this relief.

The learned judge at Special Term, in overruling this demurrer, seems to have found some allegation in the complaint which charges the individual defendants with selling and misappropriating the treasury stock of the Sonora Copper Company, but I have been unable to find any such allegation. The only statement in the complaint that the Sonora Company ever had any stock is that contained in what is called the "prospectus," by which it is said that "subscriptions are invited at $8.oo per share to a limited number of shares of the treasury stock of the Sonora Copper Company"; but a large part of the complaint is taken up with allegations of the falsity of this prospectus, and the cause of complaint that this plaintiff seems to have is that this prospectus and the statement prepared by the company are false and fraudulent. But it cannot be said that an allegation that such a prospectus was issued is an allegation that the company ever had any treasury stock. Counsel for the plaintiff seems to base his claim, that this complaint alleges that the Sonora Company had some stock which was sold by the defendants, upon the allegation that the Sonora Copper Company had no assets except moneys received from the sale of its shares as alleged, and claims against the defendants herein growing out of the receipt by the various defendants of moneys, being the proceeds of said shares as sold. But an allegation that a corporation had no property, except moneys received from the sale of its shares, is not an allegation that it had money so received.

This complaint is an extreme example of a method of pleading that has become too common. Allegations are jumbled together, having no relation to each other, uniting statements of fact with conclusions of facts and conclusions of law, without any relation to one distinct cause of action which is sought to be enforced, and then trying to sustain the complaint, when its sufficiency is attacked, by picking out independent allegations which have no particular relation to

each other, and claiming that a good cause of action is established because such allegations, if properly pleaded, would be a sufficient foundation for calling upon the defendants to answer; but in such a case we should at least have in some portion of the complaint a specific allegation of the facts which are necessary to sustain such a cause of action as the plaintiff claims he has alleged, and the complaint should not be sustained where it is impossible to pick out distinct statements of facts which, taken together, are sufficient to entitle the plaintiff to some relief. I think the complaint fails in this particular: that no facts are alleged which would justify the court in awarding to the plaintiff any relief in the form of action which he has brought, and that for that reason the demurrer should be sustained.

It follows that the interlocutory judgment appealed from is reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend his complaint within 20 days, upon payment of costs in this court and in the court below. All concur.