### DETERMINED IN THE

# FIRST DEPARTMENT

### IN THE

# APPELLATE DIVISION,

## March, 1905.*

---

THOMAS M. ACKEN, as Director of THE COUGHLIN-SANFORD SWITCH COMPANY, Respondent, v. EDWARD W. COUGHLIN and THE COUGHLIN-SANFORD SWITCH COMPANY, Appellants.

*Foreign corporation — to what extent the courts of the State of New York may interfere with its assets and business by injunction and the appointment of a receiver.*

A director of a foreign corporation may maintain in the courts of the State of New York, under section 1781 of the Code of Civil Procedure, an action against the president, also a director, of the corporation, to compel the latter to account for his official conduct as such president and director in the management and disposition of the funds and property of the corporation committed to his charge, and to compel him to pay to the corporation the money and the value of the property which he appropriated to his own use or which he lost or wasted by a violation of his duty.

While the courts of the State of New York have jurisdiction to compel the officers or directors of a foreign corporation, over whom jurisdiction has been acquired by the service of process, to account to the corporation for property of the corporation in their hands or which they have misapplied, the courts of the State of New York have no authority to appoint a general receiver of the corporation and to enjoin it from exercising the powers granted by a sister State or a foreign government.

The judgment of the New York court can affect only property located in the State of New York, and property of the corporation in the possession of its officers or agents who are in the State of New York and over whom the court has acquired jurisdiction.

In such an action the New York court may, in a proper case, enjoin an individual defendant, over whose property it has acquired jurisdiction, from dispos-

---

*The other cases of this term will be found in volume 102 App. Div.—[REP.

APP. DIV.— VOL. CIII.      1

ing of the property of the corporation in his hands until final judgment, or may appoint a receiver of the property of the corporation in the State of New York pending final judgment.

The authority to grant such an injunction or to appoint such a receiver can, however, only be exercised when necessary to protect the corporation or its stockholders against an unlawful disposition of the property of the corporation during the pendency of the action.

When an injunction granted in such an action should be modified and a motion for the appointment of a receiver be denied, considered.

APPEAL by the defendants, Edward W. Coughlin and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of February, 1905, appointing a temporary receiver of the property of the defendant The Coughlin-Sanford Switch Company, and granting an injunction pendente lite.

*T. M. Tyng*, for the appellants.

*W. M. Seabury*, for the respondent.

INGRAHAM, J.:

This action was brought by the plaintiff as a director of the defendant The Coughlin-Sanford Switch Company, under section 1781 of the Code of Civil Procedure, to compel the defendant Coughlin to account for his official conduct as a director and president of the corporation in the management and disposition of the funds and property committed to his charge, and to compel him to pay to the corporation the money and the value of the property which he has acquired to himself, or lost or wasted by a violation of his duty. This action can be maintained in the courts of this State by a director of a foreign corporation. (*Miller* v. *Quincy*, 179 N. Y. 294.) The defendant is a corporation organized under the laws of the State of West Virginia. Section 1787 of the Code of Civil Procedure provides for granting an injunction restraining a corporation and its trustees, directors, managers and other officers from collecting or receiving any debt or demand, and from paying out, or in any way transferring or delivering to any person, any money, property or effects of the corporation during the pendency of the action, except by express permission of the court.

It is evident that there is a distinction between the power of the Supreme Court of the State of New York to interfere with the

affairs of a domestic and of a foreign corporation. The limitations of the power of the courts of this State over foreign corporations are discussed by this court in *Hallenborg* v. *Greene* (66 App. Div. 590). Mr. Justice LAUGHLIN, writing the opinion of the court, says: "The orders and decrees of a court have no extra territorial effect or force. They can only be enforced directly against property within the State, or *in personam* against individuals or officers of corporations found within the jurisdiction of the court, and thereby affect property without the State. When a judgment against a foreign corporation would not be effectual without the aid of the courts of a foreign country or of a sister State, and it may contravene the public policy of the foreign jurisdiction or rest upon the construction of a foreign statute, the interpretation of which is not free from doubt — as where the subject-matter of the litigation and the judgment would relate strictly to the internal affairs and management of the foreign corporation — the court should decline jurisdiction because such questions are of local administration, and should be relegated to the courts of the State or country under the laws of which the corporation was organized. * * * The proper tribunal to appoint a general receiver and to grant such a sweeping injunction order, practically restraining the exercise of the ordinary business of the corporation and the exercise by it of its charter powers, is a court of general jurisdiction in the Territory of Arizona. * * * If the court in Arizona should appoint a receiver, its order would not operate·upon the fund belonging to the Cobre Company now in this State. On the case as presented, that fund is now in jeopardy and liable to be lost to the creditors and stockholders of the Cobre Company through collusion, fraud and mismanagement on the part of its directors. In such a case a court of equity has inherent power, at the suit of a stockholder, to appoint a receiver of the fund to preserve it until the final judgment, which shall direct what disposition shall be made thereof in accordance with the rules and practice in courts of equity and the rights of all the parties interested as they shall then appear."

Thus, while the courts of this State, at the suit of an officer, director, stockholder or creditor of a foreign corporation, have jurisdiction to compel the officers or directors of the corporation, over whom jurisdiction has been acquired by the service of process, to

account to the corporation for property of the corporation in their hands or which they have misapplied, a court of this State has no authority to appoint a general receiver of the corporation and to enjoin it from exercising the powers granted by a sister State or a foreign government. Its judgment can affect only property in this State which, of course, includes property of the corporation in the possession of its officers or agents who are in this State and over whom the court has acquired jurisdiction. The individual defendant having been served with process in this State is subject to the jurisdiction of the court. The court is justified in a proper case in enjoining him from disposing of the property of the corporation in his hands until final judgment. The court has also, if the interests of the stockholders or creditors of the corporation require, authority to appoint a receiver of the property in this State pending final judgment, but this jurisdiction is exercised solely for the purpose of preventing the unlawful or improper disposition of the property of the corporation during the pendency of the action, and such an order enjoining the defendants from disposing of the property of the corporation, or appointing a receiver of such property, can only be granted when necessary to protect the corporation or its stockholders and creditors against an unlawful disposition of the property of the corporation during the pendency of the action.

The order appealed from assumed to appoint a receiver of the property of the defendant The Coughlin-Sanford Switch Company during the pendency of the action, with power to collect and receive the debts, demands, accounts, assets and property of the defendant The Coughlin-Sanford Switch Company; to preserve the property and the proceeds of the debts and demands collected; to employ counsel and maintain any action or special proceeding for any of the said purposes, and generally to possess and exercise the usual powers and duties of temporary receivers in such cases. The order also provides that the defendant The Coughlin-Sanford Switch Company, and its president, directors, officers, agents and servants are strictly enjoined from collecting or receiving any debt, demand or property of the said defendant, and from paying out or in any way transferring or delivering to any person except the receiver thereby appointed any money, property, papers, accounts or effects of the said company, or otherwise disposing thereof or

interfering therewith in any way, during the pendency of the action. This injunction would in effect stop all corporate action, and in connection with the appointment of a receiver would effect a temporary stoppage of the exercise of corporate franchise by the corporation, a power which is not possessed by the courts of this State in relation to foreign corporations. In any event, the order must be modified so as to apply only to property within this State, or in the possession of the individual defendant over whom the court has acquired jurisdiction.

It is claimed that the facts presented do not justify either the injunction or the receiver. The plaintiff in his affidavit alleges that he is and has been since May 10, 1899, a director and treasurer of the defendant corporation and the owner of 1,500 shares of the capital stock of the corporation; that the corporation was organized under the laws of the State of West Virginia on November 16, 1895, with a capital stock of $100,000, subsequently increased to $1,000,000, to manufacture, vend, sell, lease and license to railway companies and other persons the Coughlin improved railroad switch, whose principal place of business has been since August, 1898, in the city of New York; that the defendant Edward W. Coughlin has been, since the 24th day of December, 1895, one of the directors and the president of the said company; that since the year 1903 the plaintiff, though the treasurer of the company, has never received any of the corporate funds of the defendant company, or maintained any account in the name or for the benefit of the said company, or deposited any moneys of the company in any bank or banks, nor signed any checks on the funds of the company; that all the funds and money received for the sale of the stock or manufactures of said company, or loaned to said company, have been received by the defendant Coughlin and by him deposited to his individual account in various trust companies in the city of New York; that no meeting of the board of directors of the said company has been held since April 1, 1902, and no meeting of the stockholders thereof since May 8, 1899; that since the month of July, 1903, the defendant Coughlin has received from the sale of stock the sum of $13,000, by way of loan the sum of $5,000, from the sale of switches manufactured for it the sum of $5,931.50, and by way of loan from J. Murray Mitchell the sum of $7,500,

making an aggregate sum of $31,431.50, not one dollar of which has ever been received by the plaintiff as treasurer of the said company; that the board of directors has not made any report to the stockholders of the company stating the financial condition of its affairs, nor kept or settled books of account of the company, as required by the statutes of West Virginia (See Code of W. Va. [4th ed.] chap. 53, §§ 46, 54); that the company has assets and accounts receivable in the State of New York, and also patent rights for which sixty-six per cent of the capital stock of the company was issued, and that the company is insolvent and unable to pay its debts. It also appears that the debts of the company for borrowed money and other indebtedness exceed the sum of $27,000; that the defendant Coughlin has stated that in the event of any litigation being instituted against the Coughlin-Sanford Switch Company the said Coughlin would assert a claim against the said corporation for services alleged by him to have been rendered to the corporation and for money alleged by him to have been advanced to the said company aggregating more than $100,000, and that he would throw the corporate affairs into the hands of a receiver and would endeavor to have his claim preferred above the claims of the legitimate creditors of the said company; and that in the event of said John Murray Mitchell, his codirector and vice-president of the company, asserting any claims against the said corporation, he would convey the said patents of the Coughlin-Sanford Switch Company to some railroad for a position therein and then assert his own claim against the company for salary and money advanced, and that there are several suits and actions pending in the courts of this State against the corporation.

The defendant Coughlin, in answer to this application, submitted an affidavit in which he alleges that the stock sold by him was his own stock, and not the stock of the corporation; that the moneys advanced by John Murray Mitchell were advanced under a specific agreement made with Mitchell as to the use thereof; that it is not true that the company is insolvent and unable to pay its debts. He does not deny, however, that he has received funds of the corporation, alleged in the moving affidavits to be upwards of $15,000, for which he has rendered no account.

Upon these papers, we agree with the court below that a case

was made which justified the court in restraining the defendant Coughlin from disposing of or in any way interfering with the property of the corporation; and to that extent the motion should have been granted. A receiver, however, is manifestly unnecessary for the protection of the plaintiff's claim. The property of the corporation in this State appears to consist mainly of the patents which were transferred to the corporation by Coughlin and which, so far as appears, are at present owned by the corporation. An order enjoining the individual defendant and corporation from disposing of these patents and the other property of the corporation in Coughlin's possession pending the action would be all the relief necessary to protect the corporation. The amount of money due to the corporation from Coughlin can only be ascertained upon an accounting, and Coughlin swears that the money received by him has been expended for the benefit of the corporation.

I think, therefore, that the injunction granted should be modified to the extent above indicated, and the motion for the appointment of a receiver denied, and that the order appealed from as modified should be affirmed, without costs.

VAN BRUNT, P. J., McLAUGHLIN, HATCH and LAUGHLIN, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, without costs.