AMERICAN FOUNDRY COMPANY, a corporation of the State of Delaware.

*vs.*

PREMIER MOTOR CORPORATION, a corporation of the State of Delaware.

*New Castle, Sept.* 13, 1922.

Where a bill for appointment of receiver, under *Revised Code* 1915, *par.* 3883, was filed in the Chancery Court of N. C. county on July 5, during pendency of a suit begun June 15 in the same court in K. county, seeking the same relief, a receiver appointed in the N. C. county proceeding will be discharged.

PETITION FOR THE DISCHARGE OF A RECEIVER appointed in proceedings in New Castle county during the pendency of similar proceedings in Kent county. On July 5, 1922, a bill was filed in New Castle county on behalf of American Foundry Company, the complainant, and all other creditors of the Premier Motor Corporation, praying the appointment of a receiver for said Premier Motor Corporation on the ground of insolvency. The bill was filed under the provisions of *Paragraph* 3883, § 40, c. 117, of the *Revised Code of* 1915 which confers upon the Chancellor discretionary power to appoint receivers for insolvent corporations other than corporations for public improvement.

On the same date, July 5, 1922, the defendant appeared gratis and filed an answer admitting the allegations of the bill and submitting to such order as the Chancellor should deem right and proper in the premises. The answer was executed by officers of the defendant pursuant to authority of a resolution of its board of directors adopted at an adjourned meeting thereof held on June 28, 1922, and was verified on July 1, 1922.

At the election of the complainant the cause was heard on bill and answer on the same date, July 5, 1922, and a receiver appointed as prayed.

On September 13, 1922, Howard M. Long, receiver of Federal Finance & Guaranty Corporation, a Delaware corporation, filed in this court a petition setting forth, in substance, that on June 12, 1922, he instituted a suit against the Premier Motor Corporation in this court in and for Kent county by filing a bill alleging that, because of its inability to pay its debts and obligations as they fall due in the usual course of business, the said Premier Motor Corporation was insolvent, and prayed the appointment of a receiver under the provisions of said *Paragraph* 3883 *of the Code*; that upon the filing of the bill in Kent county a subpœna was issued for the appearance of the defendant in that cause, and was served in the manner prescribed by statute on June 15, 1922; and that while the suit was pending in Kent county, and before an appearance was entered therein on behalf of the defendant, the bill and answer were filed and a receiver appointed for the defendant in the aforesaid suit instituted in New Castle county on July 5, 1922.

The petition prayed that the decree appointing the receiver in the New Castle county proceeding be vacated; that the bill and answer filed therein be dismissed; and that the receiver appointed therein be discharged.

Notice was given to the solicitors for the complainant and defendant in the New Castle county proceeding and to the receiver by the solicitor for the petitioner of his intention to present the petition, and upon presentation thereof the matter was heard by the Chancellor.

*James L. Wolcott*, for the complainant in Kent county proceeding, petitioner.

*Andrew C. Gray*, of Ward, Gray & Neary, for the complainant in New Castle county proceeding.

*E. Ennalls Berl*, for the defendant in New Castle county proceeding.

THE CHANCELLOR held, that because of the institution of the suit in this court in New Castle county after, and during the pendency of, the suit instituted by the petitioner against this de-

fendant in this court in Kent county seeking the same relief, the receiver appointed in the New Castle County proceeding should be discharged. The receiver was, therefore, directed to file a report of his proceedings, and was thereafter discharged, the costs incurred in the New Castle county proceeding, including compensation to the receiver and his solicitor, being imposed upon the complainant therein.