HENRY FRANKLAND AND JOHN E. MARSDEN,

*vs.*

REMINGTON PHONOGRAPH CORPORATION, a corporation created by and existing under the laws of the State of Delaware, PHILO E. REMINGTON, JAMES SIDNEY HOLMES, HARRY F. SEIBER and EVERETT HOLMES.

*New Castle, Nov. 22, 1922.*

A Delaware court is not ousted of the jurisdiction which *Revised Code 1915, Paragraph* 3883, gives it to appoint a general receiver for a Delaware corporation by the fact that a foreign court has taken charge of its assets within its jurisdiction and appointed a receiver for it, even if it purported to appoint a general receiver.

While courts foreign to the jurisdiction of a corporation's creation may appoint receivers to administer the corporation's assets found in their jurisdiction, yet it appears equally clear on principle that they cannot go so far as to appoint a general receiver for such corporation.

Plea to bill for appointment of a receiver of an insolvent domestic corporation denying that there is any equity in the bill, because on bill and answer a United States District Court in another state appointed a receiver, who is administering its affairs and carrying out the decree of the appointing court, does not authorize consideration of whether the case is properly one for the favorable exercise of the Chancellor's discretion.

The facts appearing from the bill for appointment of a receiver for a Delaware corporation, that it has assets, not only in another state, where a receiver has been appointed, but real estate in a third state, where no receiver has been appointed, and certain book accounts, and a claim against officers for mismanagement, suggest the advisability of a receiver in the jurisdiction of its domicile.

That a receiver appointed by a federal court in New York for a Delaware corporation can more economically pursue assets of the corporation in a third state than could a receiver appointed in Delaware should not be assumed by the court, relative to exercise of its discretion under *Revised Code* 1915, *Paragraph* 3883, to appoint a Delaware receiver.

STATEMENT OF THE CASE. The bill is filed under *Paragraph* ?883, § 40, *Revised Code of* 1915, providing for the appointment of a receiver of a corporation on the ground of insolvency, upon the application of either a stockholder or a creditor. The complainants are stockholders. Their bill contains the usual jurisdictional allegations, and in addition sets out that a receiver over certain of the corporation's assets located in the Southern District of New York was appointed by the United States District Court for that district, and that the New York assets, except book accounts, were sold by the receiver in that jurisdiction for the sum of $25,500; that other assets, to-wit, book accounts and real estate located in New Jersey, remain unsold; and that no receiver has been appointed in New Jersey. The bill also charges that the corporation was grossly mismanaged by its officers, who are now under indictment for fraudulent use of the mails in connection with the selling of the stock of the corporation, and that, unless a receiver is appointed by this court, no action will be taken against the officers and directors and others concerning their mismanagement. A receiver is accordingly prayed.

The defendant corporation has filed a plea to the whole bill, which denies there is any equity in the bill, for the reason, in brief, that upon bill and answer filed in the United States District Court for the Southern District of New York it was ordered, adjudged and decreed by that court that one Louis Jerswit be appointed receiver of the defendant; that said Jerswit qualified as such receiver and is now engaged in administering the affairs of the defendant and otherwise carrying out the decree of the court which appointed him. The plea concludes by demanding whether the defendant ought to be compelled to answer and prays that it may be discharged with its costs and the bill dismissed.

Upon the filing of the plea, the solicitor for the complainants set it down for hearing as to its sufficiency in law.

*Caleb S. Layton*, of the firm of Marvel, Marvel, Layton & Hughes, for the complainants.

*E. Ennalls Berl*, for the defendants.

THE CHANCELLOR. The plea must be overruled.

1. The appointment by a court of another state of a receiver of the assets of a Delaware corporation located in such other state cannot serve to deprive this court of its jurisdiction to appoint a general receiver for the same corporation. This is true, even though the foreign court should assume not to confine the powers of its receiver simply to corporate assets found within its jurisdiction, but to extend his powers to embrace those of a general receiver for the corporation. It would be contrary to well-established and universally accepted principles if the court of the corporation's domicile could thus be ousted from that jurisdiction which the sovereign creating the corporation had conferred over the affairs of its creature. There can be no room for debate concerning the jurisdiction of this court to exercise its recognized Chancery powers, as well those founded in its general equity jurisdiction as in statutory grant, to appoint receivers over corporations whose existence is due soley to the grace of the sovereign here creating them, regardless of what might be the action of courts elsewhere in taking charge of their affairs. If there be any debatable ground with respect to such matters, it lies solely in that field of discussion where questions are raised concerning the extent to which other courts may properly go in exercising jurisdiction over corporations which, as to their jurisdiction, are foreign. That such other courts can administer the assets of a foreign corporation found in their jurisdiction is beyond doubt. That they can, however, go so far as to appoint a general receiver for such corporation, would on principle appear equally beyond doubt as not tenable. The following cases express views in accord with this proposition: *Maguire v. Mortgage Co.*, 203 *Fed.* 858, 122 *C. C. A.* 83; *Pacific Coast Coal Co. v. Esary, et al.*, 85 *Wash.* 448, 148 *Pac.* 579; *Acken v. Coughlin*, 103 *App. Div.* 1, 92 *N. Y. Supp.* 700; *Philips v. Sonora Copper Co.*, 90 *App. Div.* 140, 86 *N. Y. Supp.* 200; *Dreyfus v. Charles Seale Co.* 37, *App. Div.* 351, 55 *N. Y. Supp.* 1111; *Culver Lumber & Mfg. Co. v. Culver*, 81 *Ark.* 102, 99 *S. W.* 391, 118 *Am. St. Rep.* 17; *Hutchinson, et al., v. American Palace-Car Co.*, (*C. C.*) 104 *Fed.* 182; *Pearce v. Southerland, et al.*, 164 *Fed.* 609, 90 *C. C A.* 519; *Holbrook v. Ford*, 153 *Ill.* 633, 39 *N. E.* 1091, 27 *L. R. A.* 324, 46 *Am. St. Rep.* 917; *Popper v. Supreme Order, etc.*, 61 *App. Div.* 405, 70 *N. Y. Supp.* 637; *Murray v.*

*Vanderbilt*, 39 *Barb.* (*N. Y.*) 140, 147; *Stockley v. Thomas, et al.*, 89 *Md.* 663, 43 *Atl.* 766; *American Tribune New Colony Co. v. Schuler*, 34 *Tex. Civ. App.* 560, 79 *S. W.* 370. Other authorities may doubtless be cited, wherein expressions out of harmony with the language of these cases may be found. But the views expressed in the cases cited and herein accepted as applicable upon the question of the extent of the jurisdiction which courts may exercise in the appointment of a receiver for a foreign corporation are more in accord with the theory underlying the concept of a corporate entity and the principles logically consonant therewith.

The question presented by the plea in this case is not, however, as to the extent of this court's jurisdiction over the affairs of a foreign corporation. It is as to whether this court, the court of the corporation's domincile, can be ousted from the jurisdiction which the law of the corporation's creator confers upon it, simply because a foreign court has taken charge of corporate assets found within its juridsiction, or has gone so far, as is contended by the solicitor opposing the plea, as to appoint a general receiver. On that question, I am clearly of the opinion that the jurisdiction of this court ought in a proper case to be exercised just as amply as though no proceedings had ever been taken elsewhere.

2. The appointment of an insolvency receiver under *Paragraph* 3883, § 40, *Revised Code* of 1915, lies in the discretion of the Chancellor.

The defendant contends that this case is not such as to make a favorable appeal to that discretion. Considering the nature of pleas in equity and the principles of pleading applicable to them, the question of whether the case is properly one for the favorable exercise of the Chancellor's discretion, cannot be considered under the plea filed.

I shall not pause to give my reason for entertaining this view. Inasmuch as the merits of this contention will doubtless require me later to submit my views with respect thereto, I proceed now to examine it, conceding for the moment that the plea renders it proper.

The facts appear to be that this corporation had assets not only in New York, where a receiver has been appointed, but also

real estate in New Jersey, and certain book accounts. No receiver has been appointed in New Jersey. Furthermore, the bill charges mismanagement on the part of the corporate officers, for which a cause of action may exist. These facts appear from the bill, and, if true, assuming the complainants can sustain the other essential allegations of their bill, reveal a situation which would suggest the advisability of a receiver in this jurisdiction, where the corporation is domiciled.

The defendants urge against this suggestion, that the New York receiver can more economically pursue such assets. That may, or may not, be so. It is an assumption which the court ought not to make for the purpose of inducing it to withhold the exercise of its discretion. Furthermore, how other courts, to which application might be made for aid ancillary to the New York receivership in an attempt to administer the affairs of this corporation in such other jurisdiction, would view such application is very doubtful. This court entertains the view that there is no authority in a court to appoint a general receiver of a foreign corporation, as appears to have been done in this case in the Southern District of New York. Cases *supra*. This court, therefore, would refuse the ancillary aid of its powers in such case; that is, in case a general receiver of a corporation, appointed by a court foreign to the corporation's domicile, applied here for aid ancillary to such general receivership. There can be no doubt, however, as to the propriety of an application to foreign jurisdictions for aid ancillary to a receivership adjudicated in this jurisdiction, where the corporation is domiciled.

The defendant cites *Jones v. Maxwell Motor Co., ante p. 76,* 115 *Atl.* 312, in support of the contention that the court's discretion should be exercised adversely to the appointment of a receiver in this case. But the *Maxwell Case* was very different from the one here involved. That case arose on a motion for a decree notwithstanding answer. On such motion, the averments of the answer are taken as true. The answer showed that there were no assets anywhere which the foreign court had not reduced to possession and converted into cash, which was then in the registry of the court awaiting distribution. On the showing there made, this court took the view that it would be futile to appoint a

receiver. But it was clearly intimated that if the complainant could at the hearing show that there was an unrecovered asset in the form of a claim against the officers for mismangement, as alleged in the bill and denied in the answer, then a different situation would be presented.

Manifestly, therefore, the *Maxwell Case* is not an authority governing such facts as appear in the instant case. That case does not sustain the suggestion that if a foreign court appoints a receiver for a Delaware corporation, this court will thereafter refuse, for that reason, to exercise its discretion in favor of appointing a receiver for the same corporation. As said in the *Maxwell* opinion, each case must rest on its own facts and be determined accordingly.

The plea is overruled.