LOUIS H. STONE,

*vs.*

THE JEWETT, BIGELOW & BROOKS COAL COMPANY, a corporation of the State of Delaware.

*New Castle, June* 13, 1924.

Appointment of a receiver lies in the discretion of the Chancellor.

The action of a foreign court in taking charge of the assets of a corporation located within its jurisdiction, and appointing a receiver with powers over the assets and powers of a general nature over the corporation, does not oust the Court of Chancery of jurisdiction, under *Revised Code* 1915, § 3883, to appoint general receiver for a domestic corporation.

Under *Revised Code* 1915, § 3883, where a Federal court in another state appointed receivers for an insolvent holding corporation possessing voting control of fourteen subsidiary corporations, and the decree directed officers of the foreign corporations to give the receivers voting power on their shares of stock, a receiver for such corporation will be appointed by the courts of its home state, in view of the fact that a receiver appointed in its home state would have various necessary powers which the other receivers did not possess.

Except in extreme situations, the appointment of a receiver for a domestic corporation should be made in all cases where a foreign court has appointed a receiver, if the jurisdictional facts exist.

BILL FOR RECEIVER on ground of insolvency, filed under the provisions of *Section* 3883, *Revised Code* of 1915. The defendant answered the bill and the complainant now moves under *Rule* 44 of this court for a decree notwithstanding answer. The facts are sufficiently set forth in the opinion of the Chancellor.

*Caleb S. Layton,* of the firm of Marvel, Marvel, Layton and Hughes, for the complainant.

· *Herbert H. Ward,* of the firm of Ward, Gray and Neary, for the defendant.

THE CHANCELLOR. The appointment of a receiver under the statute is a matter that lies in the discretion of the Chancellor. *Jones v. Maxwell Motor Co.,* 13 *Del. Ch.* 76, 115 *Atl.* 312. The fact that a foreign court has taken charge of the assets of a Delaware

corporation located within its jurisdiction and appointed a receiver therefor with powers not alone over the assets but as well with powers of a general nature over the corporation, does not oust the Court of Chancery of this State from its jurisdiction under the statute to appoint a general receiver. *Frankland v. Remington Phonograph Corp., et al.*, 13 *Del. Ch.* 312, 119 *Atl.* 127.

These propositions are conceded by the solicitor representing the defendant. He further concedes that under the facts disclosed by the answer a receiver might be appointed. The only contention made by him is that the circumstances disclosed by the answer are such as to move the Chancellor's discretion adversely to the appointment.

Those circumstances, briefly stated, are as follows. The defendant is in the main a holding company. It owns the voting control in fourteen other corporations which are its subsidiaries. Four of them are Delaware corporations, one is a Tennessee corporation, one a Michigan corporation and eight are Kentucky corporations. On April 7, 1924, three days before the filing of the bill in this cause, a bill for a receiver was filed against the defendant and its fourteen subsidiaries in the United States District Court, Eastern District of Kentucky, praying for the appointment of a receiver to take charge of, operate and maintain all of the properties of said defendants. All the defendants in said suit, including this defendant, filed answers to the bill in that suit and joined in the prayer for a receiver. On April 16, 1924, the United States District Court appointed two receivers of all the properties of all the defendants located within the State of Kentucky. The decree appointing the receivers constituted them general receivers of the Kentucky corporations, but expressly refused to assume to constitute them general receivers for the foreign corporations, confining the appointment as to the latter to custody and control of assets located within the jurisdiction of the appointing court. The receivers qualified and are now acting. The decree also directed the officers of the foreign corporations to endorse, transfer and deliver to the receivers all shares of stock, notes, bills of exchange or other documents or muniments of title in their possession or under their control, or in which they might have any interest, and to execute and deliver powers of attorney or proxies authorizing the

receivers to vote on such shares. Thereafter, receivers were ap-
pointed in three  other jurisdictions and made ancillary to the
Kentucky receivers. Thus, while the United States Court in the
Eastern District of Kentucky refused to assume power to name
general receivers for the defendant Delaware corporation, as a
practical result the administration of its affairs seems to have been
drawn fully into the control of the Kentucky court.

It is contended that it is highly advisable from a practical
point of view for the assets and affairs of this congeries of corpora-
tions, the defendant being the parent concern of all the others and
all having intricate intercorporate relations which can be adjusted
and satisfactorily worked out only through a receivership whose
personnel is common to all, to be so worked out. This is doubtless
true. That the only way to accomplish this desired result, how-
ever, is the method employed does not appear to me to be true.
Though the Kentucky court expressly disclaimed any attempt to
name general receivers for the Delaware corporation, yet the de-
cree in its actual operation appears to  contemplate the accom-
plishment of the results of a general operating receivership over
the corporation. By directing the officers of the parent company
to transfer to the receivers all shares of stock owned by it, practi-
cally its only and entire assets, the decree contemplates that its
corporate affairs shall during the continuance of the receivership
be conducted by the receivers of the Kentucky assets. I wish
to be plainly understood as not meaning in any wise to criticize
the Kentucky court in formulating this arrangement. That court
of course acted in the matter as it considered it was authorized
and justified in doing.

I cannot, however, bring myself to the view, contended for
here, that, inasmuch as the Kentucky court has acted, this court
ought to decline to exercise its clear jurisdiction under the statute
to name a receiver. The corporation is one created by the laws
of this State. Notwithstanding the undoubted right of the courts
of other jurisdictions to appoint receivers over its assets found
within the reach of their processes, it seems to me that when it
comes to the question of  procedure looking to the assumption
of entire control over its corporate life and activity, the tribunal
designated by the law of its domicile as the proper one to safe-

guard the rights of creditors and stockholders should not hesitate to act, no matter what might have been done elsewhere. Of course, where, because of the extent to which a foreign court has gone in administering the corporate assets, it is manifest that the appointment of a receiver here would be an utterly vain and useless thing, there is a good reason for refusing to act. Such was the case in *Jones v. Maxwell Motor Co., supra.*

Broadly speaking I am disposed to lay it down as a general rule for my guidance that barring such extreme situations as are exemplified in *Jones v. Maxwell Motor Co., supra*, the appointment of a receiver of a Delaware corporation ought to be made in all cases where a foreign court has appointed a receiver, provided of course the case is such as to supply the jurisdictional facts necessary under our statute. No one can forsee what will develop in the course of the operation of a receivership decree. Intra-corporate matters may arise, such for instance as the liability of stockholders for unpaid or underpaid subscriptions to stock, which call for adjustment and which are appropriately cognizable for adjudication in the courts of the corporation's domicile. If perchance on the liquidation of assets there should turn out to be a surplus over debts, the ultimate distribution thereof among stockholders belongs properly to the sovereign which created the corporation. Then again the question of title to intangible assets may be left in very serious doubt if the same are attempted to be disposed of by courts outside of the corporation's domicile. This very question has already occasioned considerable controversy in receivership cases. It is unnecessary to speculate further concerning the possibilities that may arise which, if they are confronted with a domiciliary receivership, will prove easy of solution but which, if the corporation's general affairs are entrusted to limited receiverships, may prove very embarrassing. In the Kentucky proceedings, for instance, notwithstanding the receivers were limited in their powers to control over Kentucky assets, it was necessary to go into other jurisdictions where assets of some at least of the Delaware corporations were located and seek receivers ancillary to the Kentucky receivers, a proceeding which it seems to me can be consistent only with the conception of a general receivership in the primary jurisdiction. Suppose there should

prove to be a surplus of assets in the ancillary jurisdictions, ought such surplus be be sent into Kentucky for disposition? To send them there would be tantamount to bringing assets to asset receiverships rather than, as is usual, having such receiverships brought to assets.

The *General Corporation* Law of this State (*Revised Code* 1915, § 1915 *et seq.*), under which the defendant was incorporated, provides that the business of every corporation organized thereunder shall be managed by a board of directors. When the directors of this corporation filed an answer to the bill in the Eastern District of Kentucky consenting to the appointment of a receiver as prayed for, they in substance abdicated all their powers and abandoned their statutory duty in favor of a receiver not of the kind contemplated by our statute whose powers would be commensurate with those of the managing directors, but in favor of receivers elsewhere whose powers were expressly denied to extend that far. The corporation was insolvent and no such receiver as our statute designates exists anywhere to take the place of the responsible directors in managing the corporate affairs. This sort of situation existed in *Hitchcock v. American Pipe & Construction Co.*, 89 *N. J. Eq.* 440, 105 *Atl.* 655, and was apparently allowed some weight in moving the Chancellor to appoint a receiver in that case. Another consideration noted in that case as influencing the discretion in favor of the appointment and which may be likewise mentioned here was that plans of reorganization might be proposed which should be subject to the scrutiny of a court of the corporation's domicile and of a receiver appointed by that court. While I do not undertake to say that this court would in all cases have the power to scrutinize and pass upon plans of reorganization of insolvent corporations for which receivers may be appointed, yet there undoubtedly may arise occasions where such scrutiny may very properly be insisted upon and the court's approval exacted before the receiver is discharged or a sale of assets confirmed.

Considerations such as the foregoing are enough in themselves, without reference to others which longer deliberation upon the question might suggest, to prompt me to conclude that a receiver in this case should be appointed.

It is argued that for this court to now appoint a receiver for this corporation would cause embarrassment to the Kentucky proceedings. I do not think so. At all events such would not be the intent or purpose. That comity which exists between courts, founded as it is not alone on considerations which arise out of the due and orderly administration of justice but as well out of the mutual respect and confidence which the courts both state and federal entertain towards one another, has and always will restrain them from unseemly rivalries, or from purely. mischief-making proceedings. To say that there is no necessity for a receiver in this State for this corporation is to say that there is nothing that can arise in the administration of this corporation's affairs which a general receiver could advantageously serve. When it is contended as it is that the Kentucky receivers can duly administer the affairs in every contingency, it is tantamount to saying that purely local receivers over local assets can do everything which all possible exigencies will necessitate. It is not, however, the policy of the law of the corporation's creator that local receivers over assets are qualified to take charge of its entire assets and administer its affairs. The policy of the Delaware statute as evidenced by its language is that in cases of insolvency a receiver when appointed shall be such as assumes entire control over the corporation and all of its affairs. The Kentucky court has very properly disclaimed in its decree any intention to assume the broad powers contemplated by the Delaware statute. If there be anything which necessitates the employment of such powers as only a general receiver for the corporation can exercise, it is manifest from the decree of the Kentucky court that its receivers are not to assume to exert such powers. Just as that court has studiously refrained from so wording its decree as to avoid entrenching upon the jurisdiction of the sovereign which created this corporation, so this court in appointing a general receiver will endeavor to select an individual who will studiously avoid any attempt to annoy the Kentucky court in the exercise of its unquestioned control over assets located within its proper jurisdiction.

The motion for decree notwithstanding answer will be granted. Let a decree be accordingly drawn.