HOWARD J. UMLAND, complainant-respondent,

*v.*

UNITED PUBLIC SERVICE COMPANY, defendant-appellant.

[Submitted May 27th, 1932—Decided November 23d, 1932.]

*Messrs. Pilney, Hardin & Skinner,* for the appellant.

*Mr. William Harris,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

The appellant is a New Jersey corporation.

On April 8th, 1932, respondent, Umland, a stockholder of the appellant corporation filed a bill in the court of chancery duly verified alleging insolvency of the corporation and praying the appointment of a receiver thereof. On the following day a supplemental bill, likewise verified, was filed. On April 8th, 1932, an order to show cause why the corporation should not be adjudged insolvent and a receiver appointed was allowed, returnable on April 18th, 1932. On application of appellant, the hearing on this order was continued to April 20th, 1932, on which date the court found that the corporation was insolvent and made the order under review appointing receivers, restraining the corporation from exercising its franchises, business, &c., and ordering the defendant, its officers and creditors, to show cause on May 9th, 1932, why the receivership should not be continued.

Upon the day to which the hearing was continued, April 20th, and affidavit of one Stevenson was filed, alleging that said Umland, on or about April 12th, 1932, "filed his bill of complaint in the district court of the United States for the northern district of Illinois, eastern division, praying, among other relief, for the appointment of a receiver of said United Public Service Company; that on the 15th day of April, 1932, said plaintiff filed in said court his amended bill of complaint making United Public Utilities Company and Southern United Gas Company additional parties defendant, and praying for the appointment of a receiver of each of said companies, and that on said day said matter came on to be heard before his honor, Walter C. Lindley, one of the judges of the United States district court for the northern district of Illinois, upon motion of attorneys for plaintiff asking for the appointment of a receiver for each of said defendants; that upon the hearing of said motion each of said defendants consented to the appointment of a receiver for each of them and filed their written consents to the appointments of such receiver, and that thereupon Samuel W. White was duly appointed the receiver of each of said defendants; that said action on the part of the defendant, United Public Service Company, and each of said other defendants in consenting to the appointment of said receiver was taken upon the representation by said plaintiff, through his attorneys in said cause, that the proceedings herein in the court of chancery of the State of New Jersey would be forthwith dismissed."

The record does not disclose that there was any denial in the present suit of the allegation of insolvency of appellant corporation, or of any of the allegations, duly verified, of the bill of complaint. Upon the contrary these appear to be admitted. Nor does the record contain a copy of any proceedings in or order made by the district court of the United States in Illinois. All that appears is that one Stevenson asserts that certain pleadings were filed therein and a certain order made, but upon the representation to the federal court that the proceedings in our court of chancery would be dismissed. The complainant might have so moved, inasmuch

as no one had intervened. *Thompson* v. *Fisher, 33 N. J. Eq. 480; Pierce* v. *Old Dominion Copper Mining and Smelting Co., 67 N. J. Eq. 399; affirmed, 74 N. J. Eq. 450; Dan. Ch. Pr. (8th ed.) 138.* No motion for such dismissal appears to have been made, but upon the contrary the application for the appointment of receivers appears to have been pressed.

The bill was properly filed here, inasmuch as the appellant herein is a New Jersey corporation. In *Baldwin* v. *Berry Automatic Lubricators Corp., 100 N. J. Eq. 362,* this court held that jurisdiction to restrain a corporation from exercising its corporate franchises is lodged only in the courts of the domicile of the corporation. To the same effect is *Stone* v. *Jewett, Bigelow & Brooks Coal Co., 14 Del. Ch. 256; 125 Atl. Rep. 340.*

Under our statute (*Comp. Stat. p. 1644 § 68*), "all the real and personal property of an insolvent corporation, wheresoever situated, and all its franchises, rights, privileges and effects shall, upon the appointment of a receiver, forthwith vest in him, and the corporation shall be divested of the title thereto."

By the supplement to "An act concerning corporations" (*P. L. 1919 p. 455*), it is provided:

"4. The title and right of any receiver appointed under the provisions of the act to which this act is a supplement shall be held, for the purpose of avoiding liens and preferences, to relate back to the time of filing of the bill or petition."

It would appear that constructive possession of the property of the appellant was obtained first in the courts of this state, and that its jurisdiction of the subject-matter was prior to that of the district court.

Upon a showing of insolvency of a domestic corporation, the court of chancery had jurisdiction to so find, to appoint receivers, to restrain the corporation from exercising its privileges and franchises, and to grant such further relief as might be appropriate in the circumstances. Indeed, only in the courts of this state can full control over the corporate life and activity of the defendant be assumed. *Baldwin* v. *Berry Automatic Lubricators Corp., supra.*

The principal ground urged for reversal is that the district court of the United States having assumed jurisdiction of the matter by the filing of a bill and the appointment of a receiver, as stated in the Stevenson affidavit, the order of the court of chancery should not have been made.

Not having the proceedings in the district court before us, we are unable to say what relief was prayed and what the receiver therein appointed, if one was so appointed, was directed to do, and whether in fact there is any conflict of jurisdiction.

But assuming the facts in the Stevenson affidavit to be wholly true and supported by the record, we do not deem the order under review to have been ill advised. A somewhat similar situation arose in *Harkin* v. *Brundage, 276 U. S. 36,* in which it was held:

"As between two courts of concurrent and co-ordinate jurisdiction, the court which first obtains jurisdiction and constructive possession of property by filing the bill is entitled to retain it without interference, and cannot be deprived of its right to do so because it may not have obtained prior physical possession by its receiver of the property in dispute."

In that case Chief-Justice Taft said:

"In this country, in which in every state we have courts of concurrent jurisdiction under the federal and state authority, it is of the highest importance that conflict of jurisdiction should be avoided. It can only be avoided by forbearance and comity, and by enforcing upon the parties and counsel engaged the utmost good faith and the fullest disclosure in one jurisdiction with reference to what are the exact facts relevant to litigation in a corresponding case in the other. This is especially true with respect to receiverships. * * * As the court of appeals says, there should be no 'friendly' receiverships, because the receiver is an officer of the court and should be as free from 'friendliness' to a party as should the court itself. Nor should there be any competition or rivalry on the part of the two courts themselves in regard to assuming jurisdiction. The temptation of the exercise of

power and patronage in the selection of receivers and the management of great businesses under the court should not be a feather's weight in prompting court action. Each court should examine with nicety the question of the right of the parties to have a receiver and should advise itself in regard to the circumstances making it its duty to exercise this delicate jurisdiction. If the court finds that by misrepresentation or by a false pledge another court has delayed action by which the possession of the *res* would have been taken before the application in hand was made, it should insist that the parties and counsel who have misled the other court must give that court full opportunity to remedy the wrong done. What was done here in delaying the state court and inducing the federal court to act without a full disclosure of what had been done in the state court, was a fraud not only upon the state court but upon the federal court itself, and when the federal court learned the method by which its jurisdiction to appoint a receiver had been invoked, it should have denied to those who were guilty the further use of its jurisdiction until after the state court had been given an opportunity to exercise the jurisdiction which it was entitled to exercise, even to taking possession of the property. As we have already said, there was, when the district court herein came to know the facts, no party before it who was not to be charged with a knowledge of how the jurisdiction had been secured."

So here, there should be no unseemly competition or rivalry as to jurisdiction. Each court should proceed with due regard to that obligation to observe good faith and comity towards the other where there may be apparent conflict of jurisdiction.

In the instant case, from the record submitted, it is impossible to determine what, if any, conflict arises in the performance of the duties of the respective officers of the several courts. In this situation it was clearly the duty of the court of chancery to proceed upon the bill, as it did, and to fix a time, as it did, for the consideration of the continuance of the receivers and of such other matters as might properly

be brought to the attention of the court, including the alleged conflict of jurisdiction of the state and federal courts, and whether lack of good faith was properly chargeable against any of the parties thereto in the effort to deprive the state court of its jurisdiction. The order appealed from fixed May 9th, 1932, for such further consideration, at which time the appellant might have submitted these matters in a formal way. However, instead of so proceeding, it appealed from the order made as aforesaid and comes here upon the record heretofore discussed. We conclude that upon that record the order of the court of chancery was proper, and it is therefore affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—LLOYD, J. 1.